# State *v.* Hall.

## *Tax Proceedings.*

(Decided Feb. 9, 1911. 54 South. 560.)

1. *Taxations; Re-assessment; Official Function.*—In proceedings under sections 2148-2152, re-assessment by the tax commissioner is suggestive merely, and it is the duty of the board of revenue, and of the trial court on appeal to hear the evidence, and upon that evidence, to fix the assessment at the fair or real value of the property measured by what it would bring at a cash sale, but not at a forced sale.

2. *Same; Appeal.*—An appeal from a judgment of the board of revenue in a tax assessor's proceeding under sections 2148-2152, Code 1907, is triable de novo; the powers and the duty of the trial court being precisely the same as that of the board.

3. *Same; Assessment; Valuation.*—In proceedings under sections 2148, Code 1907, it is improper in re-assessment proceedings to permit the tax payer to show that it was customary to assess property at 60 per cent of its market value.

[State v. Hall.]

4. *Constitutional Law; Equal Protection; Unequal Taxation.*—The assessment of one's property for taxation at its fair cash value does not amount to a denial of the equal protection of the law guaranteed by the Fourteenth Ammendment of the United States Constitution, because the property of other persons is assessed at a lower value pursuant to a basis unlawfully adopted.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Proceedings by the State against Mrs. Anna M. Hall, to reassess her property for taxation. From a judgment for Mrs. Hall, the State appeals. Reversed and remanded.

ALEXANDER M. GARBER, Attorney General, and ROACH & CHAMBERLAIN, for appellant. The law relative to taxation will be found in sections 2108-2152, Code 1907, and the court was in error in permitting the witness to show that other property was given in at an assessed value of 60% of its real value. The evidence does not bring this case within the influence of *Raymond v. Chicago T. Co.,* 207 U. S. 20. There is no lack of due process of law here.—95 U. S. 37; 96 U. S. 105; *Barney v. City of New York,* 193 U. S. 437. The question was also improper as seeking to elicit from a member of the board as to the operation of the minds of the judges in doing the work entrusted to them.—*Coulter v. L. & N.,* 196 U. S. 610.

GREGORY L. & H. T. SMITH, for appellee. Any rule of law that would permit the courts to assess the property of litigants in cases of this character at a greater rate than that which was adopted by the practice of the state board of equalization, would amount to a denial of the equal protection of the law.—*Raymond v. Chicago U. T. Co.,* 207 U. S. 20; *First Nat. Bank v. Albright,* 108 U. S. 548.

SOMERVILLE, J.—The motion to strike the bill of exceptions from the file is not well taken, and must be overruled on the authority of *Lee v. Raiford,* 171 Ala. 124, 54 South. 543, and *City of Montgomery v. Wyche,* 169 Ala. 181, 53 South. 786, which hold that the grounds here assigned are without merit.

The tax commissioner for Mobile county reassessed certain real estate belonging to the appellee, raising the original assessmnet from $10,000 to $15,000. She contested his action, and the board of revenue sustained her by ordering that the original assessment should stand. From this judgment of the board the state appealed to the law and equity court, where the issue was tried by a jury, and on the evidence adduced, under the charges of the court, the jury found a verdict for the defendant, and there was judgment accordingly. Under the statutes regulating these proceedings (Code 1907, §§ 2148-2152), the reassessment by the tax commissioner is suggestive merely, and it is the function and duty of the board of revenue, as it is of the trial court on appeal, to hear the evidence, and upon that evidence to fix the assessment at "the fair market or real value" of the property, measured by what it would bring at a cash sale, but not a forced sale.—Code, §§ 2148, 2152; *Tennessee C., I. & R. R. Co. v. State,* 141 Ala. 103, 37 South. 433; *State v. Sloss-Sheffield Steel & Iron Co.,* 162 Ala. 234, 50 South. 366. The statute is explicit that the board of revenue "shall receive only evidence touching the fair market or real value of the property;" and on appeal from the board's judgment the trial is de novo, and the power and duty of the trial court is precisely the same as had been the power and duty of the board—"to fix the valuation at the sum which the evidence adduced in that court showed to be the fair market or real value of the land, without re-

gard to the suggestion made by the tax commissioner
in the commissioners' court, and without regard to the
conclusion reached by the commissioners' court."—
*Tennessee C., I. & R. Co. v. State, supra.*

On the trial in the court below, the defendant, Mrs.
Hall, was allowed, over the state's objection, to show
that it was "the custom of the county commissioners
(of Mobile county) to assess property at 60 per cent.
of its fair market value." The undisputed evidence
showed that the fair market or real value of the prop-
erty in question was $20,000, but the court charged the
jury "if you are reasonably satisfied from the evidence
in this case that in the county of Mobile there is an es-
tablished custom or rule, whatever you may call it, by
the tax officials having charge of the matter, having
authority to make such a rule for assessing the prop-
erty of the citizens at 60 per cent. of its cash valuation,
then the court charges you that this rule must govern
you, and you must, in fixing the valuation of this prop-
erty, fix its value at 60 per cent. of what the evidence
reasonably satisfies you is the fair market value of the
property." In allowing evidence of such a custom to
go to the jury, and in charging them to be governed by
it, there was a palpable violation of the statute, the
language of which is so plain that misconception of its
meaning is impossible. A board of revenue or commis-
sioners' court can no more abrogate a statute and sub-
stitute for it a custom of their own than they can by
resolution suspend the operation of the Bill of Rights.
But it is insisted for the appellee that, if her property
be assessed at its fair cash value, this would result in
the denial to her of the equal protection of the law, and
hence be violative of the fourteenth amendment to the
federal Constitution, because the basis for assessments
adopted by the board of revenue of Mobile county is

only 60 per cent. of that cash value, and other property owners are enjoying the benefit of this partial basis of assessment. In support of this contention we are referred to the case of *Raymond, Treasurer, etc., v. Chicago Union Traction Co.*, 207 U. S. 20, 28 Sup. Ct. 7, 52 L. Ed. 78. In *Raymond's Case, supra,* the State Board of Equalization of Illinois had by statute original and exclusive jurisdiction for the assessment of corporate stocks and franchises, and from its action there was no appeal. The statute prescribing the duties of the board, so far as here pertinent, was as follows: "Fourth. The capital stock of all companies and associations * * * shall be so valued by the State Board of Equalization as to ascertain and determine respectively the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association; such board shall adopt such rules and principles for ascertaining the fair cash value of such capital stock as to it may seem equitable and just, and such rules and principles when so adopted, if not inconsistent with this act, shall be as binding and of the same effect as if contained in this act."—Hurd's Rev. St. 1899, c. 120, § 3. The board, at the time of the assessment, and for years previous thereto, had assessed all property at 65 or 70 per cent. of its fair cash value, and this custom prevailed throughout the state. One-fifth of that per cent. was the amount upon which the tax was laid. The assessment complained of was not so made, but one-fifth of the full value was assessed; and, as stated in the opinion, "a system of valuation was adopted and applied to a large class of corporations differing wholly from that applied to other corporations of the same class, and resulting in a discrimination against the appellee of the most serious and

[State v. Hall.]

material nature." And again: "It is asserted that the board assessed the franchises and other property of these companies at a different rate and by a different method from that which had been employed by the board for other corporations of the same class for that year. The result is an enormous disparity and discrimination between the various assessments upon the corporations." And the conclusion is: "Although the law itself may be valid and provide for a proper valuation, yet if, through mistake on the part of the state, through its Board of Equalization and while acting as a quasi judicial body, the board erred in the method to be pursued in relation to the corporations now before us, the mistake is one which may be corrected in equity."

In Alabama the system under which tax assessments are made differs essentially from that upon which the Raymond decision is based. Here the county tax assessor makes the initial assessment, and this he is required to do on the basis of the actual cash value of the property.—Code, § 2111. The county tax commissioner may reassess whenever he deems the original assessment too low, and this action brings the matter before the county board of revenue, or commissioners' court, as it is variously called, in the form of an adversary proceeding in which the state is the plaintiff and the property owner the defendant. From the judgment of this board or court, either party may appeal to the circuit court, or some court of co-ordinate jurisdiction; the issue being always the same, viz., an assessment based on the fair and reasonable cash value of the property.—Code, § 2148. The State Tax Commission has general supervision over all assessments, and may change them when deemed proper; but it has no discretion as to the basis of assessment, and has no power to adopt any rules in regard thereto, except in the assessment of

corporate franchises. On the contrary, it is strictly enjoined to see that all assessments are based on reasonable cash value; and to do this, rather than to merely equalize, is the primary function and duty of the commission (Code, § 2223). And, finally, from any assessment or reassessment made by the state commission, the property owner may appeal to the circuit court or court of like jurisdiction; and from the judgment there either party may appeal to the Supreme Court.

Further comment would seem to be unnecessary. In the present case there has been no discrimination against the appellee by the laws of the state, nor by any of its constituted authorities. It is doubtless true that some of its officers are not enforcing the provisions of its tax laws looking to the assessment of all property at its true value. But the laws forbid discrimination; nor is there lodged in any tax officer or board, nor even in any court, an unrevisable discretion, nor any discretion at all, as to the mode and basis of assessments. The "equal protection of the law" cannot mean equal immunity in its violation or evasion. If the police officers of a city should by concerted agreement, but in flagrant dereliction of duty, enforce the prohibition laws only against certain ones among those engaged in their violation, this does not beget a constitutional right in favor of one thus discriminated against, to operate a blind tiger. To so interpret the fourteenth amendment would be to make of it a Tarpeian rock, upon which may be flung to their death the domestic laws of every state. A condition of maladministration being once established through the infidelity of public servants, reform might become impossible, since every lawbreaker may have acquired by virtue of the protection of the fourteenth amendment the right to pursue his nefarious course unmolested, so long as

others are not disturbed. We are aware that we are stating an extreme case, but it comes fairly within the scope of the argument, and legitimately illustrates the vice of appellee's contention. We are clear in the conclusion that the appellee cannot invoke the fourteenth amendment as a means of evading the rule established by the statutes of this state for the assessment of her property for taxation.

The charges requested by the state correctly state the law, and should have been given.

Let the judgment be reversed and the cause remanded for trial in accordance with the foregoing views.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.