(98 South. 128)

**FLEMING v. COPELAND.   (4 Div. 22.)**

(Supreme Court of Alabama.   Oct. 8, 1923. Rehearing Denied Dec. 6, 1923.)

**1. Judgment ⬢�longrightarrow203 — There may be several final decrees.**

A decree may be in part final and in part interlocutory merely, and in this sense there may be several final decrees.

**2. Appeal and error ⬢⟶80(4)—Decree is interlocutory when single item remains undetermined.**

If, in a suit for accounting, a single item of account remains undetermined though the decree settles all other items, the decree is interlocutory in character and will not support an appeal.

**3. Appeal and error ⬢⟶871—Decree held interlocutory and reviewable on appeal from final decree.**

In a bill for accounting, including a series of chattel mortgages and for redemption therefrom, a decree based on the register's report *held* not final, where it was intended that the final conclusion on the whole accounting was reserved for future adjudication, and especially where an item of a reasonable attorney's fee in favor of defendant, though ascertained without authority on the first reference, was submitted again for ascertainment, and the decree, being interlocutory, was assignable for error on appeal from the final decree.

**4. Appeal and error ⬢⟶695(3) — Absence of loose-leaf ledger sheet from record held not to preclude review of court's findings.**

That a loose leaf ledger sheet appearing in an exhibit of defendant's testimony in a suit for accounting was not incorporated in the record on appeal did not preclude the appellate court from reviewing the trial court's findings of fact partly based on a consideration of that document, where the testimony showed that the exhibit merely showed a statement of the disputed balances by name, and the trial court disallowed those balances for the reason merely that the items making up the balances were not shown, and the rest of the sheet had nothing to do with those balances.

**5. Appeal and error ⬢⟶516—Briefs of counsel held not properly in record.**

In a suit for accounting, briefs of counsel containing statements of their contentions, filed in accordance with the register's report, *held*

⬢⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not evidence in the case and could not have been properly included in the record.

### 6. Account stated ⬳11—One impeaching must plead and prove errors.

If the account impeached is a settled one or if an instrument has been executed on the foot of it, it is necessary that the errors be specified in the bill and proved as specified.

### 7. Account stated ⬳8 — Security given is prima facie a debt.

When an account is stated and settled by giving an independent security, the latter becomes prima facie a debt owing according to its terms.

Appeal from Circuit Court, Pike County; John H. Wilkerson, Special Judge.

Bill by W. A. Copeland, revived in the name of Smithie Copeland, against W. E. Fleming. From a decree for complainant, defendant appeals. Corrected and affirmed.

The bill of complaint was filed by W. A. Copeland in 1913, setting up usury in an account between complainant and defendant, and praying for an accounting of their transactions, including a series of chattel mortgages, and for redemption therefrom.

As amended on August 19, 1916, the bill charges that only a small amount, to wit, $100, if anything, is due on the account and mortgage; and that since the bill was filed defendant had sold and converted all the mortgaged chattels, of the aggregate value of $958, previously seized by him as mortgagee. An alternative prayer was added that, if the mortgaged chattels could not be restored, their value be ascertained, and judgment rendered for complainant for the excess over the mortgage indebtedness.

The cause was submitted for final decree, on bill, answer, and testimony, and on November 10, 1916, a decree was rendered holding that usury was shown, and that complainant was entitled to relief; and a reference was made to the register to ascertain: (1) What amount was due to respondent under the various mortgages from 1906 to 1913, excluding all interest; (2) the reasonable market value of the property taken by respondent under the mortgage; and (3) what amount, if any, was due to complainant by reason of overpayment of the mortgage debt, after due credits and charges.

It was further held that defendant was not entitled to any attorney's fee under the mortgage in this suit, but that he be allowed a reasonable fee for services thereunder up to the filing of this suit. This matter, however, was not referred to the register.

On the coming in of the register's report (November 29, 1920), the cause was submitted "upon exceptions to the report of the register," and a decree was rendered on October 12, 1921, sustaining the first, sixth, and ninth exceptions, and overruling all others numbered up to, and including the eleventh.

No ruling appears to have been made on exceptions 12 to 15, inclusive.

The first exception was to the allowance of three items of $57.42, $367.89, and $4.75, representing balances claimed by defendant, as to which the decree directed that they be not allowed, and that they be deducted from the account.

The sixth exception was to a charge of $28.10, in favor of defendant, and the ninth was for not allowing a credit of $2, to complainant, and the decree eliminated the one and allowed the other.

The decree ordered that the register restate the account in accordance with the final decree of November 10, 1916, "and with the directions contained in this decree; and that in restating this account no further testimony be taken."

Specific directions are then given as to the statement of the mortgage account, and the valuation of the mortgaged property; and it was further ordered that the register report what amount she found defendant should be allowed as a reasonable attorney's fee for services under the mortgage up to the filing of the suit.

On April 11, 1922, the register filed her report pursuant to said decree, the only charges made being as to items ruled on in the first, sixth and ninth exceptions, the net result being then a balance of $132.03 was found due to complainant for overpayment of the mortgage debt, instead of a debt of $326.13 on that account; and that a total balance, including the value of the mortgaged property, and interest, of $956.96 was due to complainant.

No exceptions were taken to this report. The appeal is from the last decree, and the only assignments of error are the rendition of that decree, and also the decree of October 12, 1921, sustaining the exceptions noted, and directing a statement of account accordingly.

A. G. Seay, of Troy, for appellant.

The decree rendered November 1, 1921, was an interlocutory decree, and appeal could not be taken therefrom; but errors may be assigned as to it on an appeal from final decree. Gainer v. Jones, 176 Ala. 408, 58 South. 288; Harbin v. Bell, 54 Ala. 389; Bickley v. Bickley, 129 Ala. 403, 29 South. 854; Beall v. Lehmann-Durr & Co., 128 Ala. 165, 29 South. 12. Items admitted to be correct need not be proven. 1 C. J. § 186. A loose-leaf ledger sheet is admissible. 22 Cyc. 871.

H. L. Martin, of Ozark, for appellee.

When affidavits or documents used before the register are not set out in the record, no presumption as to their contents can be made as to the rulings of the register and

chancellor. Winter v. Montgomery, 79 Ala. 482; Faught v. Leith, 201 Ala. 452, 78 South. 830; Wood v. Wood, 119 Ala. 183, 24 South. 841; Taunton v. McInnish, 46 Ala. 619. If the report of the register is permitted to be confirmed by the trial court, it cannot be attacked for the first time in the appellate court. Taunton v. McInnish, supra.

SOMERVILLE, J. [1] It is, of course, well settled that a decree may be in part final and in part interlocutory merely, and that there may, in this sense, be several final decrees. Jones v. Wilson, 54 Ala. 50; Broughton v. Wimberly, 65 Ala. 549; Cochran v. Miller, 74 Ala. 50; Adams v. Sayre, 76 Ala. 509; Gainer v. Jones, 176 Ala. 408, 58 South. 288.

[2, 3] It is contended by appellee that the decree of October 12, 1921, was, as to the disputed items of account therein determined on exceptions to the register's report, a final decree which could be reviewed only by an appeal therefrom within six months; and hence that it cannot now be reviewed by assignment of error on appeal from the final decree on the register's report rendered on June 2, 1922.

We think, however, that the entire structure of the decree in question shows that it was not intended as a final adjudication of all matters of accounting, but that the final conclusion on the whole accounting was reserved for future adjudication. If a single item of account remains undetermined, though the decree settles all other items, the decree is interlocutory in character, and will not support an appeal. Garner v. Prewitt, 32 Ala. 13, 18. Very clearly in this decree the item of a reasonable attorney's fee in favor of defendant, though ascertained without authority on the first reference, was submitted again for ascertainment. We therefore are constrained to hold that the decree of October 12, 1921, was an interlocutory decree, and is assignable for error on this appeal.

[4] It is further contended by appellee that since Exhibit A to defendant's testimony is not incorporated in the record, we cannot review the judge's findings of fact based in part upon his consideration of that document. The rule invoked is, of course, not to be denied; but it has its qualifications. It is not applicable here for the reason that the testimony shows clearly that the exhibit in question is nothing but a loose-leaf ledger sheet, and that, so far as the three disputed balances for 1906 are concerned, the sheet shows merely a statement of these balances by name, and they were disallowed by the court for the reason merely that the items making up the balances were not shown. The rest of the sheet has nothing to do with those balances, but includes only new items for the year 1907, and the years following.

[5] The point is made also that the regis-ter's report recites that the respective attorneys in the case "file briefs, and to each brief is attached a statement of the account as contended for by the attorney filing same. These briefs and statement of the account are on file with the papers in this cause"—and that these papers, used by the register on the hearing, are not in this record. It is hardly necessary to say that the briefs of counsel, with the statements of their contentions, were not evidence in the case, and could not have been properly included in the record.

[6, 7] Independently of the loose-leaf ledger sheet itself, respondent's testimony clearly shows that the first three items on that sheet (referred to by respondent as Exhibit A to his testimony) are balances charged against complainant for the year 1906; two of them being in favor of the individuals, Fleming and Lightfoot, before their consolidation in August, 1906, and the third in favor of the consolidated firm. These items are, severally, $57.42, $367.89, and $4.75, and, in the aggregate, $430.06.

Neither defendant, nor his bookkeeper, nor his salesman, could testify as to the items that entered into these balances; and if the ledger sheet had been the only evidence tending to show the correctness of the amounts thus charged as balances, we would agree with the trial court in the propriety of their disallowance. But defendant's testimony shows that at the end of each month he told complainant how much he had traded that month, and that at the close of each year they figured up the balance due on the account, and that this balance was carried into a new mortgage then given to cover the balance for the old year and the estimated amount of advances for the new year.

This was not denied by complainant, who testified merely that the items of the account—the items which in the aggregate made up the balance—were never called over to him; and he admitted that a balance was carried over from 1906 into 1907.

The settled rule is that—

"If the account impeached be a settled account, or if an instrument has been executed on the foot of it, the court expects that the errors should be specified in the bill and proved as specified. * * * When an account is stated and settled by the giving an independent security, that security becomes prima facie a debt owing according to its terms." Paulling v. Creagh's Adm'rs, 54 Ala. 646, 652, 653; Kilpatrick v. Henson, 81 Ala. 464, 469, 1 South. 188; Cudd v. Cowley, 203 Ala. 665, 85 South. 13; Crowson v. Cody, 207 Ala. 476, 477, 93 South. 420.

This rule is applicable here, and its effect is to impose upon complainant the burden of showing the incorrectness of these balances. No such evidence being before the court, the attempted impeachment fails, and the balances must be allowed as settled charges against complainant.

We are not disposed to disturb the other findings of the trial court, and the judgment for appellee for $936.96 will be corrected by deducting from it the amount of $430.06, and as thus corrected the judgment will be affirmed at the cost of appellee.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

## On Rehearing.

SOMERVILLE, J. Our attention is called to the fact that the simple deduction of the sum of $430.06 from the amount of the decree as rendered by the circuit court does not give a correct result. We think this complaint by counsel for appellant is well founded.

Taking the sum of $132.03 found by the register as the amount of overpayment of the mortgage indebtedness (which disallowed the items allowed by us on appeal, amounting to $430.06), and offsetting it by the latter sum, the amount due on the mortgage indebtedness must be placed at $298.03.

Applying to this indebtedness the ascertained value of the mortgaged property seized and appropriated by the mortgagee, $533.70, less $101.25 allowed for attorney's fee and expenses, the mortgage indebtedness was extinguished, and the mortgagee became thereupon indebted to the mortgagor in the sum of $134.42. This sum, with interest at 8 per cent. since January 1, 1914, amounted to $224.90 at the date of the decree in the court below. That decree will therefore be corrected, and will stand as a final decree for $224.90, instead of for $936.96.

Our consideration of appellee's argument on his own application for rehearing does not lead to any change of view by the court as to the correctness of our former findings, and that application will be overruled.