(119 So. 240)

## STATE v. McGILL INSTITUTE.
### (1 Div. 529.)

Supreme Court of Alabama. Dec. 20, 1928.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

Graham A. Sullivan, Gordon, Edington & Leigh, and Nicholas E. Stallworth, all of Mobile, for appellee.

GARDNER, J. This litigation originated by proceeding on the part of the state in the probate court of Mobile county for a sale of certain real estate for payment of delinquent taxes claimed to be due by the McGill Institute, an educational institution incorporated by Acts 1896–97, p. 304.

In answer to these proceedings, the McGill Institute interposed pleas setting up exemption from county and municipal taxes to the extent of $200,000 by virtue of an act of the Legislature approved February 15, 1897 (Acts 1896–97, p. 941), showing an assessment in excess of that sum, and pleading a payment and tender as in full satisfaction. The state's motion to strike and demurrers to these pleas were overruled, and a further order was entered to the effect that the property of the said institute to the value of $200,000 was entitled to exemption from special county taxes. From this order the state prosecuted an appeal to the circuit court, where the appeal was dismissed. This ruling was based upon the theory there had been no final judgment or decree from which an appeal could be prosecuted. We agree with that conclusion. The appeal is confessedly prosecuted under section 262, Acts 1919, p. 359, providing that, "From any decree rendered by the probate court for the sale of real estate for the payment of taxes, the defendant in the cause or the State, in behalf of itself and the county, may appeal to the next term of the circuit court * * * within thirty days after the rendition of the decree." The language of the statute clearly indicates that, to support the appeal, the decree must be final as' establishing a sale of the property for the payment of the tax or a denial thereof and a dismissal of the proceedings.

We recognize the established rule that the test of the finality of a decree to support an appeal is not whether the cause remains in fieri in some respects (Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939), but the decree rendered, to be final, must ascertain and declare the rights of the parties. Ex parte Jonas, 186 Ala. 567, 64 So. 960; Gainer v. Jones, 176 Ala. 408, 58 So. 288; Fleming v. Copeland, 210 Ala. 389, 98 So. 128; Nelson v. Cornelius, 208 Ala. 688, 95 So. 170. The order made may be said to forecast the final

result in the cause, but it is a forecast only, and not the final result itself, which must be either an order of sale for amount of taxes found due or a denial of any ·sale and a dismissal of the proceedings. As said in Adams v. Sayre, 76 Ala. 509, "the policy of the rule is found in the indisposition of the appellate courts to multiply appeals, by undertaking 'to review litigated cases by piecemeal.'" A ruling on the order appealed from in the instant case would still very clearly leave another order or decree to be entered for a final disposition of the cause.

We are of the opinion the ruling of the circuit court was correct, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.