179 So. 256

## CHANDLER v. OWENS et al.

### 7 Div. 487.

Supreme Court of Alabama.

Feb. 17, 1938.

E. B. Parker, of Roanoke, and E. L. Roberts and McCord & McCord, all of Gadsden, for appellant.

Merrill & Merrill, of Heflin, and Merrill, Jones & Merrill, of Anniston, for appellees.

GARDNER, Justice.

Plaintiff was a guest passenger in an automobile driven by one Dryden when it collided with a Ford coupé or cabriolet, operated by one Fred Banks, a colored boy in defendants' employ at their mercantile establishment at Heflin, Ala., and brings this suit for recovery of the damages therein sustained.

Upon conclusion of the evidence the trial court gave for defendants the affirmative charge, duly requested, and defendants' argument concerning this action of the court appears to be based upon the theory this was all that was done in this regard. But the trial court did more than give the affirmative charge with the usual hypothesis, as his oral instructions placed a limitation thereon, and in practical effect amounted to a directed verdict. In giving the charge, the court informed the jury that as a matter of law, Fred Banks, the driver of the coupé, was not acting within the line and scope of his authority as the servant or agent of defendants, and no liability, of consequence, could be fastened upon them. "And you will sign this form of verdict: We, the jury, find the issues in favor of defendants." Plaintiff duly reserved exception.

Undisputedly the Ford car belonged to defendants and was being driven by Fred Banks, their employee, who was and had been for nearly three years in their employ, principally as a delivery boy, but doing other work when directed. Nor is it insisted the matter of negligence was not one for the jury's consideration.

The issue of prime importance related to the single question whether or not Banks at the time was acting within the line and scope of his authority.

 Under our authorities, proof of ownership of the car in defendants, and that the driver was their chauffeur, or in other employment involving the driving of a car in the conduct or promotion of the business in which he was employed, sufficed to raise an administrative presumption that the driver was acting within the line and scope of his employment at the time. Penticost v. Massey, 201 Ala. 261, 77 So. 675, 677; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816, 818; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Jefferson County Burial Soc. v. Cotton, 222 Ala. 578, 133 So. 256.

And in Toranto v. Hattaway, supra, it was observed that: "In the nature of the case the presumption indulged where the negligent driver is shown to be a regular chauffeur, or employé using the car in the master's business, is stronger than where there is mere proof of ownership." But the presumption thus raised is a rebuttable one, and if the evidence in rebuttal is undisputed, clear, and convincing, the defendant is entitled to the general affirmative charge. Penticost v. Massey, supra; Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Ford v. Hankins, supra, and Toranto v. Hattaway, supra. "If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury." Toranto v. Hattaway, supra.

And Ford v. Hankins, supra, affords an illustration where the rebutting proof was so weighted by circumstances tending to bring it into suspicion and doubt as to render it not clear and convincing, and of consequence the question was held to be one for the jury's consideration.

 It appears, therefore, that under the undisputed proof, plaintiff had made out a prima facie case for the jury.

In the Penticost Case, supra, involving, as here, a directed verdict for defendant, it was said that "it is clearly established that if there is any evidence tending to prove a fact—no matter how slight—the court has no right to take such question from the consideration of the jury. * * * The credibility of all evidence is for the jury." And the court then further observed, as directly applicable here: "We have dealt with the case as presented by this record, wherein the court took the case from the consideration of the jury, leaving nothing for their determination as to the credibility of the evidence offered." Reference was made to Shipp v. Shelton, 193 Ala. 658, 69 So. 102, where many illustrative cases were cited.

But we have said enough, in the light of these authorities, to demonstrate, we think, that reversible error was committed in the action of the court in giving a directed verdict for defendant.

But the directed verdict question aside, we are persuaded the proof sufficed for the jury's consideration, and that the general affirmative charge was not defendants' due.

There is evidence to the effect that Fred Banks had for some days been in use of this Ford coupé to make deliveries of merchandise while the truck ordinarily used for that purpose was in the county for the purpose of demonstrating stoves, and that in fact Banks had been so using the coupé the day of the accident. Banks testified that on the occasion when this collision occurred, he had taken the coupé for his own personal use, without the knowledge or consent of defendants, to carry home some lard and meat or sausage, which he purchased at a store near defendants' mercantile establishment, and was on his return trip to defendants' place of business. The time consumed was less than an hour (about forty minutes, to be exact), and his home not far distant. Defendants carried lard in their stock of merchandise, and the time of this trip was within an hour of closing time for defendants when Banks would be released for the day.

Defendants offered their evidence, and that of their employees, to the effect that Banks had not been sent on any delivery trip on this occasion, and that he told one of the employees he would be back in a short time, though it may be said the jury could infer that none of them could state the exact hour Banks made any particular delivery.

There was some contradiction in Banks' testimony—illustrative: "I was delivering that day in a '28 model coupe. That is what I had when I had the wreck. I delivered goods for them that morning in that car, the one I had the wreck in. *I didn't deliver any in the afternoon. I delivered some groceries in the afternoon of the day I had the wreck.* I couldn't say where I delivered them."

Plaintiff insists defendants' evidence in rebuttal was not clear and convincing, but that it was open to suspicion and adverse inference, and, therefore, not a case for the affirmative charge.

■ But we need enter into no consideration of that insistence here, for the reason plaintiff had other proof, if believed, tending to show that on this trip Banks did make delivery, as shown by the testimony of one Harris. True, defendants insist the testimony of this witness is palpably false. But that is a matter first for the jury's consideration. True, also, Harris says Banks had a truck and not a coupé, but otherwise his testimony is corroborative of plaintiff's theory of the case, and this variance was one for the jury in weighing his testimony.

While the exigencies of the case on this appeal may not demand a definite ruling on the question, in view of the matter of directed verdict, first herein considered, yet we have thought it not inappropriate, contemplating a retrial of the cause, to express our opinion that the question as to whether or not defendants' evidence sufficed to overcome plaintiff's case was, from this record, one for the jury, and the case was not one for the affirmative charge.

There were certain exhibits offered in evidence by defendants with the records or tickets of sales of merchandise on the day of the accident and delivered during the day. The sales tickets offered in evidence by the defendant were not numbered, and appear here attached to this record bearing date, "11–11–1936," and at the top, "J. A. Owens & Co." In the bill of exceptions is the direction that these bills be set out, but they were not attached thereto when the bill was signed. Appellees insist this direction is insufficient as a proper identification under the authority of Forrester v. McFry, 229 Ala. 324, 157 So. 68; Fuller v. Fair, 206 Ala. 654, 91 So. 591, and should be stricken therefrom.

■ And, if so stricken, appellees invoke the rule that this court cannot review the trial court in giving the affirmative charge when all the evidence is not before the reviewing court. The rule invoked is not to be denied. But it has its qualifications. It has no application where, as here, the documents omitted, from their very nature, are immaterial to the particular inquiry under review. Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370; Wilson v. Horton, 212 Ala. 87, 101 So. 740; Fleming v. Copeland, 210 Ala. 389, 98 So. 128; Mc-

Kissack v. Witz, Biedler Co., 120 Ala. 412, 25 So. 21. And it is clear enough these sales tickets are wholly immaterial to the inquiry here.

The bill of exceptions recites that it contains all the evidence. The striking from the record of these documents could not in any manner affect the question of the sufficiency of the proof for the jury's consideration (McKissack v. Witz, Biedler Co., supra), and no necessity exists here for a determination of the question as to whether or not their identification in the bill of exceptions was sufficient under the cited authorities.

■ Other questions need no separate treatment. We may merely add that the ruling of the trial court as to what was said by defendants in discussing the matter of compromise is sustained by the authorities. 22 Corpus Juris 311, and 320; Ford v. Bradford, 212 Ala. 515, 103 So. 549.

■ It may also be observed that, assuming a proper predicate for the impeachment of Fred Banks, who had testified in the case, had been laid (Pittman v. Calhoun, 231 Ala. 460, 165 So. 391), we see no reason why such proof is not admissible. Evidence of like character was considered in Koonce v. Craft, 234 Ala. 278, 174 So. 478.

For the error indicated, let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.