181 So. 242

**PATERSON v. JORDAN et al.**

**1 Div. 997.**

Supreme Court of Alabama.

May 12, 1938.

Jones & Cammack, of Grove Hill, for appellant.

Adams & Gilmore, of Grove Hill, for appellees.

GARDNER, Justice.

Following the affirmance of the judgment for defendants in the ejectment suit reported on appeal as Paterson v. Jordan, 230 Ala. 299, 160 So. 702, plaintiff instituted a second suit in ejectment, resulting again in a judgment for defendants, from which this appeal is prosecuted.

The former appeal states the salient facts, and gives the substance of the tripartite agreement, forming the basis of this litigation, which need not be here repeated, as a reference to the opinion on that appeal is deemed sufficient for all purposes.

The case involves the one issue of fact as to whether or not the mortgage to the Peoples Bank had been paid, and this, in turn, rests upon the question as to whether or not the trust fund stipulation in the tripartite agreement had been abandoned by the parties thereto. On former appeal the holding was that under the proof there was no abandonment of that feature of the agreement, but only a modification thereof as to the amount of the fund.

On the trial of the second ejectment suit plaintiff offered the testimony of one Schwab, representing the Davis Bluff Land & Timber Company, the mortgagor, and denominated the "seller" in the agreement, and so referred to in the former opinion. The trial court concluded that the additional testimony offered on this trial, in connection with that of Paterson and of Anders, whose testimony on the first trial was by permission used on this, sufficed for submission of the issues of fact for the jury's consideration.

Plaintiff on this appeal insists she was due the affirmative charge as the proof now stands, and this is the principal question here presented for consideration. We may concede that the additional testimony offered leaves the matter in some doubt as to

the real intention of the parties in the modification of the tripartite agreement, and that the jury might reasonably infer an abandonment of the trust fund feature was intended. But we think also that this testimony is subject to the further interpretation that Paterson should merely anticipate the deposits, paying the notes of Davis Bluff Land & Timber Company at maturity, and in advance of the accumulation of the trust fund, subsequently reimbursing himself by accumulating the trust fund in his own hands. We enter into no discussion of the proof.

It may be observed, however, that both Schwab for the "seller" and Anders for the "buyer" were interested in the satisfaction of this mortgage, which embraced both the land and the timber, a foreclosure of which would have been fatal to the scheme of the tripartite agreement, and it may be further noted that Anders under that agreement became principal debtor, obligated to pay the bank, and was to be consulted as to any abandonment of the trust fund provision of the contract. On former appeal, considering his testimony along with that of Paterson, we held no abandonment, but a modification only, was shown.

Under the conflicting inferences which may be reasonably drawn from the evidence (Chandler v. Owens, Ala.Sup., 179 So. 256 [1]), we are clear to the view the plaintiff was not entitled to the affirmative charge, and can, of consequence, take no exception to the submission of the issues of fact for the jury's consideration.

Plaintiff further insists there was error in admitting for defendant the statement given by Edey to Anders, a matter presented on former appeal, but not deemed of sufficient importance for separate treatment under the conclusion there reached.

We are still unable to see where, in any event, the admission of this statement could have in any manner prejudicially affected plaintiff's case. It concerned the quantity of shipments and amounts claimed due. Anders says it is a correct statement, and was obtained from Edey at Paterson's suggestion; that he asked Paterson for it, and Paterson referred him to Edey. Paterson was the agent of his wife and Mrs. Edey and by referring Anders to Edey to obtain it at least sufficed for an inference that he adopted it as his own. Viewed in this light, the authorities cited by plaintiff (22 Corpus Juris 380; Beitman v. Birmingham Paint

& Glass Co., 185 Ala. 313, 64 So. 600) are inapplicable. But, as we indicated above, this statement concerned a matter over which there was no serious controversy.

It is clear enough (and as we read the brief not controverted) that Paterson received sufficient shipments to have paid the mortgage debt under the trust fund feature of the tripartite agreement at $7.50 per thousand, and even at $3 per thousand, as subsequently modified. It is not the matter of quantity of lumber shipped for this purpose, but the matter of credits about which the parties differ. And, if the trust fund feature was not abandoned, the shipments were sufficient to satisfy the mortgage, and the result would be the same, the Edey statement in or out. Clearly, therefore, in any event, no prejudicial error is here shown.

We have carefully read the record in the light of the argument of counsel, and the insistence as to the changed form of the evidence, and have considered the questions presented in brief. The conclusion is that no reversible error is made to appear, and that the judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

