5 So.2d 729

**STATE v. DENSON.**

**6 Div. 927.**

Supreme Court of Alabama.

Jan. 15, 1942.

178

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for the State.

· Wm. D. Denson, of Birmingham, for appellee.

THOMAS, Justice.

The appeal by the State of Alabama is from a decree of the Jefferson County Circuit Court, sitting in equity, which decree granted the taxpayer's motion to dismiss her appeal from the order of the probate court of Jefferson County ordering that the taxpayer's property be sold for ad valorem taxes.

On June 14, 1940, the Tax Collector of Jefferson County prepared a docket pursuant to the provisions of the Code of Alabama, Code 1940, T. 51, § 250, setting out each parcel of real estate assessed to any person against whom taxes had been assessed which were not paid. In the beginning of this book and on the first page thereof, the tax collector certified he was unable to collect the taxes assessed against the real estate described in the docket without a sale thereof. The certificate recited that the taxes were for the year 1939. In the docket, however, it affirmatively appeared that the taxes due on the property involved in this case were for the year 1934.

Thereupon, the Probate Judge of Jefferson County ordered notice to be given to the taxpayers whose property was set out in the docket to show cause why such property for the tax year 1934 should not be sold for the nonpayment of said taxes. This notice was to be given by publication pursuant to the provisions of the Code. Code 1940, T. 51, § 86.

In this case, however, personal notice was given by the tax collector to Mary H. Denson. This notice correctly apprised Mary H. Denson that the taxes involved were for the tax year 1934 in amount of $16.98, which were delinquent and further notified Mary H. Denson "to appear before the Probate Court of said County, at Birmingham, Alabama, at the next term thereof, commencing on Monday, the 8th day of July, 1940, then and there to show legal cause, if any you have, why a decree for the sale of property assessed for taxation as belonging to you should not be made for the payment of the taxes thereon and fees and costs."

No appearance or cause being shown why the lands should not be sold for taxes for the year 1934, on the day on which the hearing was set, July 8, 1940, the probate court rendered judgment ordering the lands sold for the taxes due. This order refers to "the real estate described in the following Tax Docket." The order states that the

lands are to be sold for the taxes for the year 1939, but again, by referring to the docket sheet in the docket, it appears that the properties involved are to be sold for the taxes due for the year 1934. The report of the case sets out the decree of sale, together with the tax docket.

From this order of July 8, 1940, Mary H. Denson took an appeal to the circuit court, on August 7, 1940. The order on filing appeal is, as follows:

"Comes now Mary H. Denson as defendant in the above styled cause, and prays the Court for an appeal from the decree of Tax Sale rendered by the Judge of this Court on the 8th day of July, 1940, appealing to the Circuit Court, In Equity, of Jefferson County, Alabama, as is provided by the Statute in such cases made; also demanding a trial by jury in said Circuit Court, In Equity.

"It is therefore Ordered by the Court that said appeal be and the same is hereby granted. It is further ordered that notice of said appeal be given George Lewis Bailes, as Solicitor for the Circuit Courts, Jefferson County, Alabama, in the manner and form as is by the Statute in such cases made and provided."

On the appeal the probate judge prepared a transcript setting out the papers noted above and certified the same to the circuit court and her bond for appeal was approved by the judge of probate on September 26, 1940.

On April 17, 1941, at the call of the docket, Mary H. Denson moved to dismiss the appeal to that court. The circuit judge granted this motion and dismissed the appeal reciting as follows:

"This cause being reached on the regular printed docket and Appellant appearing in open Court moved for a dismissal of the appeal taken in said cause, It is, therefore,

"Ordered and decreed by the Court that the appeal taken in said cause be and it is hereby dismissed and the Court costs accrued therein are hereby taxed against Appellant and bondsmen on her appeal bond, for which let execution issue.

"Done and ordered, this the 17th day of April, 1941.

"E. M. Creel,
"Circuit Judge, In Equity Sitting.
"Filed in Office April 17, 1941."

The record further recites: "Comes the State of Alabama, plaintiff in the above styled cause, and gives notice that an appeal is taken from the decree dismissing the appeal entered in this cause on the 17th day of April, 1941, to the Supreme Court of Alabama."

This notice of appeal is signed by the proper parties and marked "Filed in office September 13, 1941."

It appears from this record that the material question presented for decision is the authority of the Circuit Court of Jefferson County, in equity, to render judgment dismissing the appeal rather than, on an issue made up by the record, to decide whether or not there were delinquent taxes for which the property in question may be sold.

When the statutes pertaining to such matters are carefully examined, it is noted that they authorize that an appeal within the limits set for such action may be taken. That is, in the administration of the ad valorem tax laws, the provision is that if a taxpayer allows his taxes to become delinquent and the tax collector is unable to make the amount due thereon from personal property belonging to the taxpayer, then only may the tax collector apply to the probate court for an order of sale for delinquent taxes due on said lands. Code 1940, T. 51, Art. 1, § 249 et seq.

The provisions of law for assessing and collecting taxes in counties having a population of two hundred thousand, within which population bracket is Jefferson County, are contained in the Code of 1940, T. 51, § 78 et seq. Under such conditions, the specific provisions for trial, decree, sale, etc., are set out in Code 1940, T. 51, § 87, which says that any person having any interest in any piece or parcel of property ordered to be sold shall have the right to appeal from said judgment in the manner now provided by law in appealing from a decree ordering a sale of property for taxes on any piece of property so ordered to be sold. The section further contains the provision that: "The probate judge shall confirm and make a report of said sale to the state as now required by law except that he shall not be required to report the amount of state, county, municipal or special district school taxes due on each parcel of land provided he furnishes the parcel numbers which parcel number shall clearly indicate in which district or municipality each piece or parcel of land is located, and its rate of taxation. All other provisions of any laws in regard to the sale of real estate for ad valorem taxes not inconsistent herewith

shall be applicable to the sale of property in counties governed by this chapter."

The general provisions for an appeal from decree ordering the sale of lands for delinquent taxes, Code 1940, T. 51, § 272, are that: "The solicitor of the circuit or county court shall represent the state on such appeal, and of the pendency thereof the judge of probate must give him notice in writing; and an appeal by the state, notice thereof shall be given the defendant, as in other cases of appeal from the court to the circuit court in equity, *such appeal must be tried de novo, upon an issue made up under the direction of the court*. If the defendant appeals, and the issue is decided adversely to him, the court must render judgment against him and his sureties in favor of the state for the amount of the taxes, fees, and costs, besides the costs of the appeal, and such judgment shall be a lien upon the lands described in the decree from which the appeal was taken, which lien with a description of the lands, must be declared in the judgment."

Thus, the statutes authorizing such appeal are limited in jurisdiction, the same being of statutory creation. This is the only authority for rendition of decrees in case of such appeal. Dortch Baking Co. et al. v. Schoel, 239 Ala. 266, 194 So. 807. That is to say, the Circuit Court In Equity, in the trial of such appeal, was a special appellate court under statutory authority, herein indicated, and as a result the appellate jurisdiction is limited. The statutes indicated do not authorize an appellant to dismiss his appeal and thereby reinstate the decree of the probate court. Code 1940, T. 13, § 490.

In construing Code 1940, T. 51, § 272, it was recognized that the Circuit Court In Equity on such appeals was a court of limited jurisdiction. State v. McGill Institute, 218 Ala. 518, 119 So. 240. The effect of that decision is that from the order dismissing the appeal in the circuit court, the state appealed to the Supreme Court and the action of the circuit court was affirmed, the holding being that the "decree must be final as establishing a sale of the property * *

or a denial thereof and a dismissal of the proceedings."

Since the probate court could enter only one of two orders,—that the property be sold for delinquent taxes or that the property not be sold for said delinquent taxes, the appeal in the circuit court in equity was bound by the like limitations. State v. Hall, 172 Ala. 316, 318, 54 So. 560. In the last-cited authority it was held that on appeal to the circuit court from the action of the Board of Review in fixing the valuation of property for the purpose of ad valorem taxes, that on appeal from the board's judgment, the trial is de novo, and the power and duty of the trial court, is precisely as had been the power and duty of the board.

What we have said above is in no wise in conflict with the provisions of the Code of 1940, T. 51, §§ 140 and 768, relative to appeals that may be taken from final assessments made under the law by the Department of Revenue under any assessments required to be made by such department.

It follows from the foregoing that the statute giving the right of appeal from the probate court to the circuit court on tax decrees limits the activities of the trial court to the rendition of one of the two decrees indicated. The dismissal of this appeal was without the purview of the right of appeal, and the requirements of the trial of the issues indicated de novo in the circuit court. That court committed reversible error when it sought to enter an order not authorized by the statute in the case, towit, the decree of April 17, 1940, dismissing the appeal taken in said cause.

It results that the order of the circuit court is improper and irregular, and on a proper application to the circuit court by the state's taxing agent or attorney, the circuit court has jurisdiction to proceed to a trial, pursuant to the provisions of the statute having application and to enter a decree in accordance with the laws as we have above indicated.

Reversed and remanded.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.