(78 South. 830)

FAUGHT v. LEITH et al.    (6 Div. 736.)

(Supreme Court of Alabama.    May 9, 1918.)

1. MINES AND MINERALS ⬦⟹122—WORKING—RIGHTS OF OWNER OF SURFACE SOIL.

The right to mine is servient to the right of the owner of the surface to have it perpetually sustained in its natural state.

2. APPEAL AND ERROR ⬦⟹1009(1) — ORDER DISSOLVING TEMPORARY INJUNCTION.

In suit of landowner against mine operator, where the decree dissolving temporary injunction against excavating under complainant's property recited that it was based upon affi-

davits of both parties and a personal investigation of the property and respondent's operations, the trial judge's conclusion upon the facts will not be disturbed on appeal; the appellate court not having before it the full evidentiary data the trial court had.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Suit in equity by S. W. Faught against B. D. Leith and others. From a decree for respondents, complainant appeals. Affirmed.

Appellant is the owner of the surface of lots 13 and 14 in block 127, in the town of Carbon Hill, Ala., and filed this bill against appellees, B. D. Leith and others, to enjoin said respondents from operating or in any manner excavating underneath said lots for the purpose of removing coal therefrom. It is averred in the bill that the respondents were conducting mining operations in and under said lots, and that the coal under said land cannot be mined or removed without injury to the surface; that the complainant is the owner of said lots upon which is situated his dwelling house; that the removal of the coal from said land will cause the surface to cave and fall in, and thereby destroy the surface, making the same unfit for use, and that the injury to said property will be irreparable. It is further averred that the respondent is insolvent. Upon presentation of the bill duly sworn to, a temporary injunction was ordered to be issued. Respondent B. D. Leith answered the bill, admitting that he was conducting a mining operation in the town of Carbon Hill, near or under the land of the complainant, as described in the bill, but denies that coal cannot be mined or removed without injury to the surface, and denies that it will in any manner injure the surface. Respondent avers that the surface over the coal in said land is from 25 to 40 feet in thickness, and is composed very largely of hard slate and sandstone, with a covering of only about 3 feet of dirt over the surface; that said sandstone is of a sufficient thickness and character to support the surface after the coal is removed; that the rooms and openings made by respondent in said mine have not been, and will not be, made wider than 8 or 10 feet; that he has left, and will continue to leave, pillars 6 to 8 feet in width as natural supports for the surface; that the mining operations made in this manner cannot endanger the surface or injure the same in any way. Respondent further avers that said mining operations are being conducted according to well-regulated rules, the mine surveyed by a mining engineer, and that the mining operations are entirely safe, and will not interfere with the surface. The answer contains other averments of like character which need not be further noted, and was duly sworn to by respondent B. D. Leith. Motion was made to dissolve the temporary injunction upon the denials of the answer. A number of affidavits were submitted by both complainant and respondent upon the hearing of this motion. It also appears that the trial court upon the hearing, at the request of the parties to the litigation, visited the property involved, made a personal investigation and examination of the property of the complainant, and the mining operations of the respondent, and entered the following decree:

"This cause coming on to be heard at this time was by agreement of parties submitted for decree in vacation, upon the motion of defendant to dissolve the temporary injunction issued herein, which motion was heard by the court upon the affidavits offered by the respective parties and upon personal examination and investigation by the court of the property of the complainant and mines and operations of defendant, and, being duly considered, it is ordered, adjudged, and decreed that the said motion be and the same is hereby granted, and said temporary injunction is hereby dissolved."

From this decree, the complainant prosecutes this appeal.

J. H. Bankhead, Jr., and Ray & Cooner, all of Jasper, for appellant. A. F. Fite, of Jasper, for appellees.

GARDNER, J. · [1] The equity of the bill in this cause is not questioned, and rests upon the principle, well recognized in this state, that the right to mine is servient to the right of the owner of the surface to have it perpetually sustained in its natural state. Bibby v. Bunch, 176 Ala. 585, 58 South. 916.

[2] Numerous affidavits were introduced in evidence by the respective parties, and, in addition thereto, the trial court visited the property and made a personal examination and investigation of same, as well as of the respondent's mining operations. The decree of the court discloses that the conclusion reached was based upon the affidavits, and also upon this personal investigation of the property thus visited. Clearly, therefore, this court has not before it the full evidentiary data the trial court had, and his conclusion upon the facts will not therefore be here disturbed. Warble v. Sulzberger, 185 Ala. 603, 64 South. 361; Dancy v. Ratliff, 77 South. 688 ;[1] Western Union Tel. Co. v. Jones, 190 Ala. 70, 66 South. 691.

By what is here said we do not mean to indicate that a like result would not have been reached had the record not shown such personal investigation by the trial court. Indeed, after a careful examination of the affidavits, we are strongly inclined to the view that the preponderance of the evidence thus offered supports the conclusion of the trial court in favor of the respondent's insistence. We need not, however, enter into a consideration of that phase of the case.

It results that the decree appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

[1] Ante, p. 162.