(119 So. 635)

**SOVEREIGN CAMP, W. O. W., v. COLVIN et al.   (6 Div. 242.)**

Supreme Court of Alabama.   Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

C. H. Roquemore, of Montgomery, for appellant.

618

Horace C. Wilkinson, of Birmingham, for appellees.

Brief did not reach the Reporter.

PER CURIAM. Action on fraternal insurance certificate. From a judgment for plaintiffs, defendant appeals.

For convenience, the questions arising in this record are treated as they appear in brief for appellant. No brief for appellees has reached the hands of the court, in the absence of which the court is authorized by the terms of Supreme Court Rule 10, 4 Code 1923, p. 882, to take the statement of facts as prepared in appellant's brief to be accurate and sufficient for decision.

Under the pleas allowed defendant, and as to which demurrers were overruled, the defendant received every right it legally had to the matter and things alleged in pleas 3 and 11; especially is this true as to plea 6, which alleges that "Childers died in consequence of the violation or attempted violation of the laws of the state of Alabama."

■ It is urged in brief by appellant that the court abused its discretion in forcing it to to trial in the absence of R. W. Thompson, the party claimed to have been assaulted by Childers, the insured, Mrs. R. W. Thompson, Dewitt Thompson, and Sybel Sayne. These witnesses had been duly subpœnaed, and were present when the case was first set for trial, but, after the case was continued, they removed from the state. The defendant knew this, and had ample time to have procured their testimony by deposition, which it failed to do, relying on the promise of Thompson to voluntarily attend the trial. The action of the court in requiring defendant to go to trial, in the absence of these witnesses, discloses no such abuse of discretion as would authorize a reversal of this case. Ample provision is made by law for the procuring of testimony in civil cases, and parties desiring such testimony must make timely efforts according to the legal provisions governing such matters before they are in position to appeal to the courts for delay in the trial of cases. The above and foregoing is applicable to assignment of error No. 4. 1 Mich. Dig. 536, § 946.

■ The attorney for plaintiffs wrote a letter to defendant regarding the death of insured. This letter he placed in the United States mail and in due course he received a reply through the United States mail. This letter is marked "Exhibit A." The attorney promptly replied to this, sending the original to defendant in another state and beyond this jurisdiction. A carbon copy of this let-

ter was admitted, marked "Exhibit B." A reply to this letter was promptly received through the regular mails and having every earmark of authenticity. This correspondence all related to the contract being sued on, and each was relevant to the issues involved. It would appear, however, that, in the absence of proof of a demand from plaintiff on defendant that it produce the original, the court may have committed error in admitting secondary proof of that part of the contents of the letter of plaintiff's counsel to defendant, marked "Exhibit B," which was introduced in evidence. 8 Ann. Cas. p. 416, and authorities there cited. Cases which appear to state a different rule present facts where the writing is in the hands of those not parties to the suit. That part of the letter introduced in evidence is as follows: "In compliance with your letter of Sept. 10th, I am enclosing herewith copy of the coroner's investigation and verdict in this matter." That part of the letter was purely formal, and could have had no prejudicial effect on the case, and, under rule 45, the error is not reversible.

■ Objection was made to the introduction in evidence of the certificate issued by defendant, insuring the life of William T. Childers, the father of the beneficiaries named in the certificate, and for whom plaintiff as guardian for the minors was seeking a recovery. No objection is specified in the record, and none is set out in brief. If there are any valid objections, they are waived.

Defendant offered in evidence what he insisted before the trial court was the coroner's transcript of an investigation which was held relative to the death of insured, but this transcript was never identified in such manner as to make it admissible in evidence.

■ Upon the examination of Ruth Griffin, a witness for defendant, defendant's counsel asked this question: "Didn't Mr. Thompson say to your father he was getting good and tired of the way he was doing?" This question was objected to on the ground that it was leading and the objection was sustained by the court. That the question was leading is apparent, and being leading was within the discretion of the court.

■ It is insisted in assignment 15 that the court erred in not requiring the attendance of one Rossum, a witness summoned for defendant. The record shows original subpœna for this witness and an attachment ordered by the court. Clearly there is no error here.

■■ In assignment 16 the point is made that the court erred in forcing defendant to close its case without the presence of the witness Rossum, for whom attachment had been issued. We do not hold that there are not cases where trial courts will be reviewed for forcing parties to proceed with the trial of a case, in the absence of material witness-

es, but a trial court will never be put in error for such action unless it is made to appear that the testimony of such witness would have a material bearing on the issues then being tried. In this case no showing was made by defendant that the testimony of Rossum would have been material, and, even if he could and would have identified the transcript of the coroner's inquest, it is not made to appear that the transcript would have been material in this case.

The court did not err in sustaining plaintiff's objection to the question propounded by defendant to its witness Ola Childers as follows: "Didn't you testify before the coroner that you saw smoke in the back yard and in the passageway too?" If this question was for the purpose of impeaching Ola, the answer is that a party may not impeach his own witness. If it was for the purpose of proving a declaration against interest, then the answer is, the answer called for was not of such materiality as to bind the plaintiff.

Regarding assignments 18, 19, 20, 21, 22, and 23, it was material and relevant to describe the locus in quo, including the fact that there were fresh tracks leading from the fence to where deceased was lying. It was also permissible for this witness to testify that the tracks corresponded in size with the shoes worn by Childers. 4 Mich. Dig. 127, § 197 Ib.

As has already been pointed out, a full description of the locus in quo of a difficulty is always relevant as a part of the res gestæ. The main issue in this case was whether or not Childers died as a proximate result of a violation of a law of this state. The contention on the part of defendant was that Childers was making an unlawful assault upon his next door neighbor, Thompson, or that he was engaged in an unlawful affray with Thompson, and as a proximate result was killed. These questions were, of course, for the jury. If, therefore, Thompson was not out in his back yard at the time, but fired upon Childers from within his house and behind a screen through which he shot, the jury might draw inferences from such facts favorable to plaintiff's case. Evidence tending to prove that Thompson was inside of his own house at the time he fired the fatal shot was relevant and admissible. The foregoing applies to assignments 24, 25, 27, 28, and 29.

A conversation between Thompson, the man who did the shooting, and a third party is hearsay and inadmissible.

Under section 9513 of the Code of 1923, the court committed no error in permitting the plaintiff to amend his complaint by striking out or adding new parties plaintiff. The amendment did not injure defendant.

A great deal is said in argument of counsel (with no citation of authority) and many exceptions are reserved to rulings of the court relative to the transcript of the testimony taken before Coroner Rossum on the inquest held at the time Childers was killed. We do not pass upon these assignments separately, for the reason that it is the duty of appellant to show by the record prejudicial error before a reversal would be authorized, and it nowhere appears in this record that the transcript of evidence before the coroner would have been admissible even if such record had been identified. This must have been the view taken by the trial judge when he refused to delay the trial of the case in order to compel the attendance of Coroner Rossum.

Insistence is made that the defendant is entitled to the general charge: (1) Because of a variance between the probata and allegata. The complaint as last amended is in the name of Colvin, as guardian for the minor beneficiaries, and Ruth Griffin, who was of age. Under section 5689 of the Code of 1923, these were the proper parties plaintiff, and the certificate of insurance was properly admitted as a basis for recovery. (2) It is insisted that the evidence is without conflict, and discloses affirmatively that the deceased, Childers, came to his death as a proximate result of his violation of the laws of this state. We think this was a question for the jury.

For want of error in the trial of the case, it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.