153 So. 182

CITY OF ROANOKE v. JOHNSON et al.

5 Div. 188.

Supreme Court of Alabama.

Nov. 30, 1934.

Rehearing Denied Jan. 3, 1935.

D. R. Boyd, of Roanoke, and Denson & Denson, of Opelika, for appellant.

D. T. Ware, of Roanoke, for appellees.

THOMAS, Justice.

The bill sought injunctive relief to prevent discontinuance by the city of water service to complainants. Such was the decree of the circuit court, from which the city appealed.

The testimony taken by depositions tended to show that complainants owned lots (with houses thereon accorded water service by the city) adjoined to the water basin of that municipality; that water seeped through the foundation of that basin, injured adjacent lands, and rendered useless the wells then in use in each of said houses; that, pursuant to an agreement with the municipality, each complainant installed water and plumbing fixtures which were connected by the city with its water supply, and each complainant was furnished water free of charge by the city pursuant to the contract ordinance. There is a further tendency of evidence that, because of damages to the three wells, several and respective claims for damages by suits against the city were not pressed, and these wells were discontinued, filled with dirt and cinders, as requested or required by the city, and were never again used; that the free water service was granted or accorded as long as the condition of disuser and damage obtained, which condition did and continued to obtain to the date of the trial and the decree.

The conditions, damages, and settlement of same with and by the city are fully set out in paragraph 4 of the bill and supported by the proof. Among other things, it is averred and shown: "That at the time and prior to that time the complainants had no water works fixtures in their homes and were depending entirely for their water supply upon their wells. That complainants appeared before the City Counsel of the City of Roanoke, Alabama, and made known the extent of their damages as set out in this Bill of Complaint, and that there and then the Mayor and Council of the City of Roanoke entered into an agreement with each of your complainants, that the city would furnish water free to each of your complainants, if complainants would not bring an action at that time against the city for damages heretofore set out and described in this Bill of Complaint. That at a regular meeting of the City Council of the City of Roanoke, Alabama, held in the City Hall of the City of Roanoke, on December 8th, 1921, when the Mayor, G. B. Walker, was present and councilmen B. B. Brannan, J. R. Muldrew, D. M. Yates, J. G. Wheeler and H. Enloe were present, the following among other orders and proceedings were made and done: 'On motion which was seconded and duly carried, the council voted to allow C. B. Johnson three thousand gallons of water free, or until his well is again used. This also applies to any other person near the water works, if their wells should become damaged from the city water works settling basin. Signed G. B. Walker. Attest, O. L. Mullendore, City Clerk.' That from the passage of the above order, on December 8th, 1921, the City of Roanoke, Ala., furnished to and supplied your complainants with free water. That your complainants were never and have never been able to use their wells of water, and that some of them have been filled with earth. That the same condition has existed continuously all of the time and is existing today. That some years ago the City Council ordered and authorized the complainants to fill their wells with dirt as they were a nuisance on account of being filled with water which drained from the said water basin or reservoir; that complainants accepted the proposition of receiving free water as compensation for not filing their suits against the City of Roanoke, Alabama, for damages as aforesaid, and that they have never sued the City of Roanoke, Alabama, for damages, and that they have received in keeping with the agreement, free water up until this day."

The record further shows that "at the request of both parties to this suit, and in the presence of the parties and their respective attorneys, the Court visited the property and made a personal visual inspection of the premises, their slopes, contour, directions and distances"; and it is recited in the decree from which this appeal is prosecuted that "this inspection has been of marked benefit to the Court in weighing the testimony and reaching a satisfactory conclusion as to its probative effect," in rendering the decree making the temporary injunction perpetual against the respondent city, and in restraining and enjoining the city, its agents or employees, and each of them, from discontinuing or cutting off the water supply for domestic purposes of each of these complainants, or from charging, collecting, or attempting to collect, "any charge for said water so long as said reservoir or basin is maintained in its present location and condition and continues to cause damage to the properties of said complainants."

Several questions presented by brief of counsel are now to be considered.

■ The questions of misjoinder of parties and causes of action and stipulations in con-

tracts for the benefit of third parties were recently discussed and authorities collected in Planters Warehouse & Commission Company v. Katie S. Barnes, Individually, etc., et al. (Ala. Sup.) 159 So. 63,[1] and First National Bank of Eutaw v. Katie S. Barnes, as Executrix, et al. (Ala. Sup.) 159 So. 68,[2] where it was stated, on ample authority, that no universal rule is admitted to be established as to cover all possible cases; that as to joinder of parties it is sufficient that all are interested in the decree to be rendered on that pleading, the purpose of which is single and to like effect as to the parties. Taylor et al. v. Morton et al., 227 Ala. 690, 151 So. 853, and authorities; J. E. Butler & Co. et al. v. A. G. Henry & Co., 202 Ala. 155, 79 So. 630; Lowery v. May, 213 Ala. 66, 76, 104 So. 5; Ingram v. Roberts, Euther & Co., 224 Ala. 314, 316, 140 So. 369.

The complainants' rights rested upon the same conditions, contract, and construction thereof, and like injury and damage sought to be avoided by making the temporary injunction perpetual as long as such conditions obtained. And we will not reverse on grounds of misjoinder of parties and causes of action. The case of Keener et al. v. Moslander, 171 Ala. 533, 54 So. 881, cited by appellant, sought to enjoin obstruction of the passageway to a theater, held that Keener was affected only as a stockholder in the corporation, showed no personal right, was not a necessary party, and was improperly joined in that suit.

In McClellan v. McClellan et al., 203 Ala. 514, 84 So. 750, 751, the rule is stated "that cocomplainants must have a common interest in the subject-matter of the suit in order for both to be entitled to relief, though it is not essential to the unity of the bill that each complainant or defendant shall have an equal or coextensive interest in the entire subject-matter of the litigation. Michie's Dig. vol. 5, pp. 536, 537." 32 C. J. 301, § 488.

The effect of our cases is that persons between whom there is a unity of interest in the subject-matter of the suit, and who are entitled and seek relief of the same character and right, may join as complainants to prevent the common injury, as done by the instant bill.

In Moore v. Walker et al., 201 Ala. 629, 79 So. 191, the several complainants joined in a bill, the main equity of which was injunctive relief to prevent defendant from diverting water to the injury of their respective lands;

held the incidental request for damages did not make it an action for damages, working a fatal misjoinder of parties. This decision was made a part of the text under the title of "Wrongful Act Doing a Common Injury" in 32 C. J. 302, § 489, and has been followed by analogy in the recent cases we have indicated. We are of opinion, and hold, there was no fatal misjoinder of parties complainant in this cause. Such is the ancient rule applied by this court. Elliott et al. v. Boaz et al., 9 Ala. 772; Milton Realty Co. et al. v. Wilson, 214 Ala. 143, 107 So. 92.

It is true that a municipality cannot discriminate in water and other public utility service rates and charges to be made between customers of the same class. City of Montgomery v. Smith, 205 Ala. 557, 88 So. 671, and authorities collected. The terms employed in the ordinance contract here looking, as we may, to the respective and like situations or circumstances of the parties, having regard for their lawful ends and objects to be obtained, affected, or avoided, and the subsequent construction and action of the parties, within the contract and the law, there was no discrimination among an arbitrary class. Merchants' Nat. Bank of Mobile v. Hubbard, 220 Ala. 372, 375, 125 So. 335, and authorities. And we are not of opinion that the contract with the complainants was not entered into by the municipal corporation without authority of law or its governing body, and did not so affect the public interest as to be within the inhibitions of any general rule of this jurisdiction. 13 C. J. 550; 44 C. J. 131–133.

The evidence has been carefully examined and found sufficient to support the decree rendered. It would serve no useful purpose to discuss the same in detail.

It may be further observed, that it appears from this record that an agreement in court was entered into between the parties, under the terms of which the court viewed the locus in quo involved in this cause and used the knowledge so gained in consideration of the evidence necessary to the rendition of a judgment, and it is recited in the decree that the inspection was made by the court in the presence of the parties and their respective attorneys. It thus affirmatively appears from this record that the court had before it evidentiary and material matter, by positive agreement of the parties, which had immediate bearing upon the facts and issues of pleading and affected the court in render-

---

[1] Post, p. 572.

[2] Post, p. 612.

ing the decree; and that this record does not disclose such observed facts. This court, in the exercise of its appropriate function, reviews the decree rendered and predicated upon the conclusions of fact attained by the court below. Folmar Mercantile Co. v. Town of Luverne, 203 Ala. 363, 366, 367, 83 So. 107; Wood v. Wood, 119 Ala. 183, 185, 24 So. 841; Jefferson et al. v. Sadler et al., 155 Ala. 537, 46 So. 969; Faught v. Leith et al., 201 Ala. 452, 78 So. 830; Wilson v. Horton, 212 Ala. 87, 101 So. 740; Sovereign Camp. W. O. W., v. Colvin et al., 218 Ala. 616, 119 So. 635.

As indicated, we have examined the record and evidence presented, and are of opinion that no reversible error was committed by the trial court, and that the decree rendered should not be disturbed by this court.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.