167 So. 323

PATTON v. ENDOWMENT DEPARTMENT OF A. F. & A. M. OF ALABAMA.

3 Div. 164.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

McCord & Knabe, of Montgomery, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

---

[1] 231 Ala. 242.

KNIGHT, Justice.

Suit by appellant to recover an amount alleged to be due her by appellee under an insurance contract, in which it is alleged the appellant was the beneficiary.

The defendant pleaded in short by consent "with leave to give in evidence any thing which might be specially pleaded." This pleading on the part of defendant was in writing, and was signed by counsel for defendant.

The case was tried by the court without a jury.

The bill of exceptions, immediately following the first paragraph, contains this statement: "Note: Plead in short by consent with leave to give in evidence any thing which might be specially pleaded."

It was admitted on the trial "that James Patton (plaintiff's alleged husband) died in August, 1933, and that he was a member of the defendant Masonic order, and in good standing, and his dues in said organization paid. He was in benefit." Thereupon, the court there stated: "Looks like the big issue is whether she married on September 7, 1911, and whether he was in benefit on August 1933, and whether she gave the proper notice, so far as the by-laws. Looks like the by-laws ought to be introduced for the benefit of the court." Thereupon, the following section or paragraph of the by-laws of the defendant was introduced in evidence:

"Any and all persons having a claim against the Endowment Department by reason of the death of a member must file their claims with the Endowment Secretary, together with an affidavit showing on what their claims are based, within two months from the date of the death of such deceased member, and forward the same by registered mail to the Endowment Secretary, with 'return demanded' or the same shall be forever barred from sharing in the distribution of the Endowment. Such return card shall be the only evidence that said notice and affidavit were mailed to the Endowment Secretary and if said return card has been lost, destroyed or misplaced secondary evidence cannot be substituted in its place regardless of any rules of law or evidence to the contrary notwithstanding."

"Said by-laws were in full force and effect at the time of the death of James Pat-ton and are still in force and effect by said defendant organization."

One of appellee's insistences for an affirmance of the judgment is, that while the record discloses the defendant pleaded in short by consent, with leave to give in evidence any thing which might be specially pleaded, the record does not show that any such permission was given the plaintiff to offer matters in avoidance of defendant's defenses, and, therefore, the plaintiff's contention that defendant had waived the defense that the plaintiff had not filed her claim, with supporting affidavit, with the endowment secretary, was not an issue in the case.

In the view we take of the case, as presented by the bill of exceptions, it becomes unnecessary to determine the correctness of appellee's above-stated contention.

The bill of exceptions concludes with the following statement: "The above and foregoing is all the evidence in the case." A reading of the bill of exceptions discloses that it does not in fact contain all the evidence before the trial court. On the contrary, the bill of exceptions shows that the by-laws of appellee were introduced in evidence, and these by-laws are nowhere set out in the bill. We have a right to assume that they constituted material evidence in the cause, bearing upon the question of the authority of the persons to bind the defendant in the matter of the alleged waiver.

The statement in the bill of exceptions that the by-laws of appellee were introduced in evidence contradicts the statement that it contains all the evidence in the case. Construing the bill of exceptions as showing that the by-laws were introduced in evidence, it appears that the trial court had before it material evidence which is not before us, and we cannot, therefore, affirm error on the part of the court in the judgment rendered. Taylor v. Hoffman (Ala. Sup.) 163 So. 339;[1] Wood v. Wood, 119 Ala. 183, 24 So. 841; City of Roanoke v. Johnson et al., 229 Ala. 496, 158 So. 182; Folmar Mercantile Co. v. Town of Luverne, 203 Ala. 363, 367, 83 So. 107; Jefferson v. Sadler et al., 155 Ala. 537, 46 So. 969; Faught v. Leith et al., 201 Ala. 452, 78 So. 830; Wilson v. Horton, 212 Ala. 87, 101 So. 740; Sovereign Camp, W. O. W., v. Colvin, 218 Ala. 616, 119 So. 635; Hunnicutt Lumber Co. v. Mobile & Ohio R. Co., 2 Ala.App. 436, 57 So. 73; Sloss-

[1] 231 Ala. 39.

Sheffield Steel & Iron Co. v. Redd, 6 Ala. App. 404, 60 So. 468.

In this state of the record, we would not be justified in reversing the trial court in rendering judgment for defendant, appellee. Confessedly, it had before it evidence not contained in the bill of exceptions.

It follows, therefore, that the judgment of the circuit court must be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

