187 So. 495

## UNIVERSAL MOTOR LINES, Inc., v. WALKER.

### 6 Div. 456.

Supreme Court of Alabama.

March 16, 1939.

J. Wiley Logan, of Birmingham, for appellant.

L. E. Rogers, of Birmingham, for appellee.

FOSTER, Justice.

This is a civil suit for $300 begun in the Intermediate Civil Court of Birmingham against appellant. Within thirty days of the service of the summons and complaint defendant demanded in writing a trial by jury, and contended that since there is no provision of law for a jury trial in that court, the cause therefore was not subject to trial in it. The court overruled the protest and proceeded to try the suit and rendered judgment for plaintiff in the sum of $150. Thereupon defendant appealed to the circuit court by making a supersedeas appeal bond in the sum of $315, conditioned to pay and satisfy such judgment as may be rendered by the circuit court.

Upon the hearing in the circuit court, defendant moved to dismiss the cause because he was denied his constitutional right to a jury trial in the said Intermediate Court, as secured by section 11 of the Constitution, and that on his demand for a jury trial in that court, it had no power to try the cause, since it had no power to provide a jury trial. This motion was made in writing, and the court overruled it as shown by the minute entry. Section 9459, Code. There is no bill of exceptions, and none is necessary to present this point.

The suit then proceeded to trial with a jury, resulting in a verdict and judgment for plaintiff in the sum of $184.62. The appeal is from that judgment, and the only contention is that there was a denial of the constitutional right of a trial by jury.

The Act creating the court confers civil jurisdiction in cases in which justices of the peace have jurisdiction conferred by law, and in addition and concurrently with the circuit court in all civil cases where the amount in controversy exceeds such jurisdiction of justices of the peace, but does not exceed the sum of $300, excepting certain forms of action, not here applicable.

The Act, section 18, provides that all trials in that court shall be by the judge without a jury, and that any party shall have the right to appeal to the circuit court within five days, and on appeal either party may demand a trial by jury, and the trial shall be de novo. Appellant must give bond to satisfy such judgment as may be rendered against him in the circuit court, if the judgment is for money or for personal property, and if the appellant wishes to have the judgment superseded. If he does not wish to supersede the execution of the judgment, he shall give bond to pay all costs that may be taxed against him in the circuit court. It does not seem to be necessary to refer to other features of the Act. Local Acts, September 7, 1935, page 219.

It is insisted that, since no jury trial is provided in the court where the suit is first to be tried, and not until an appeal is provided after executing supersedeas bond, if the collection of the judgment is to be deferred pending appeal, the Act does not secure a right to jury trial such as required by section 11, Constitution.

It is said that the question is different from that which pertains to justices of the peace, because that is a constitutional office, with provision for maximal jurisdiction, and therefore section 168, Constitution, so providing, is to be given effect in pari materia with section 11, Constitution.

We concede that such status may be an additional reason why section 11, Constitution, is not there violated, but it is not the sole reason. It was long held in many courts of this Country that this situation does not violate such a constitutional right, without considering the constitutional provision for the jurisdiction of a justice of the peace.

This was given authoritative effect by the Supreme Court of the United States in the case of Capital Traction Co. v. Hof, 174 U.S. 1, 19 S.Ct. 580, 589, 43 L.Ed. 873. The court was dealing with the District of Columbia, which of course has no constitutional provision for justices of the peace, and has no constitution except the federal Constitution. Amendment 7 to that constitution, U.S.C.A., secures the right of trial by jury in suits at common law where the amount exceeds $20. The court was considering whether this right was secured when only granted on appeal from a judgment of a justice of the peace in the District of Columbia upon executing a supersedeas appeal bond. It held

that such provisions did not unreasonably obstruct the right of trial by jury so as to be unconstitutional. The opinion was very extensive and referred to state court opinions as follows: "A long line of judicial decisions in the several states, beginning early in this century, maintains the position that the constitutional right of trial by jury in civil actions is not infringed by a statute which sets the pecuniary limit of the jurisdiction of justices of the peace in actions at law higher than it was when the particular constitution was adopted, allows a trial by jury for the first time upon appeal from the judgment of the justice of the peace, and requires of the appellant a bond, with surety, to prosecute the appeal, and to pay the judgment of the appellate court. The full extent and weight of those precedents cannot be justly appreciated without referring to the texts of the statutes which they upheld."

Our case of Alford v. State, 170 Ala. 178, 54 So. 213, Ann.Cas.1912C, 1093, was dealing with a criminal case, and emphasized the fact that an appeal could be had to a court for a jury trial without giving a bond. The Court, at page 221 of 54 So., refers to cases which hold that in civil suits in which a bond on appeal is required, where a jury trial is first available, this right is not violated.

And in Thomas v. Bibb, 44 Ala. 721, the Court was dealing with special civil jurisdiction conferred on the probate court, with no right to appeal to a court for a trial de novo with a jury. The opinion suggests an amendment to provide for an appeal to the circuit court for a jury trial as on appeals from judgments of justices of the peace.

Our Alford case, supra, appears in Ann. Cas.1912C, 1093, with an extensive note beginning on page 1109. It is the occasion for annotating the subject as applicable to civil suits also, citing the case of Capital Traction Co. v. Hof, supra, as a leading case, and many others to the same effect.

The rule is thus likewise concisely stated in 16 R.C.L. 209, section 26, with many cases cited in the notes.

There is no error as argued.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.