195 So. 285

## GAY v. STEWART.

### 7 Div. 558.

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Denied March 21, 1940.

Further Rehearing Denied April 11, 1940.

Hugh A. Locke, of Birmingham, for appellant.

Gibson & Gibson, of Birmingham, A. L. Crumpton, C. W. McKay, and Hardegree & Dempsey, of Ashland, and Paul O. Luck, of Columbiana, for appellee.

THOMAS, Justice.

The submission was on motion to dismiss the suit for failure of plaintiff, as a nonresident, to give security for costs. Code of 1923, § 7252; Ex parte State ex rel. Altman, 237 Ala. 642, 188 So. 685.

The bill of exceptions affirmatively shows that it does not contain all the evidence. The conclusions of fact of the trial court cannot be reviewed. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339; Patton v. Endowment Dept., etc., 232 Ala. 236, 167 So. 323; City of Roanoke v. Johnson, 229 Ala. 496, 158 So. 182; Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87; Wood v. Wood, 119 Ala. 183, 24 So. 841. Such is the condition of this bill of exceptions.

The action of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

The motion to dismiss the appeal in the case was not a part of the record proper. It required a consideration of the evidence which, on the trial, was extended at great length. This could only be shown by a bill of exceptions.

In Dorrough v. Mackenson, 231 Ala. 431, 165 So. 575, 577, this court said:

"* * * But all rulings on pleadings and other matters which are a part of the record proper need not so appear, nor need there be a bill of exceptions to review the ruling on them. * * *

"The motion to vacate the order of April 29, 1935, because of what it shows on its face is a matter of record and needs no evidence in support of it. A bill of exceptions for the sole purpose of declaring that an exception was taken appears to be a needless technicality not within the requirements of section 6088, Code, when it is considered with section 9459."

The motion to dismiss the suit on plaintiff becoming a nonresident after the suit was brought and for the lack of security for costs was unintelligible to the trial

court and to this court without the evidence directed to that issue. We have indicated that the same was required to be presented by a bill of exceptions. When the plaintiff became a nonresident after the suit was brought, were the circumstances such as that the court should have given other time than that consumed in the trial for filing and approval of the security for costs?

The case of Universal Motor Lines v. Walker, 237 Ala. 413, 187 So. 495, 496, is not an apt authority. In that case there was no necessity for a recourse to the evidence taken on the trial, since the record showed all the facts. Therein it was declared: "Upon the hearing in the circuit court, defendant moved to dismiss the cause because he was denied his constitutional right to a jury trial in the said Intermediate Court, as secured by section 11 of the Constitution, and that on his demand for a jury trial in that court, it had no power to try the cause, since it had no power to provide a jury trial. This motion was made in writing, and the court overruled it as shown by the minute entry. Section 9459, Code. There is no bill of exceptions, and none is necessary to present this point."

It will be observed that the terms of the two statutes (Section 7249 and 7252, Code) are different. The former requires of a nonresident that the suit be dismissed on motion if security for costs be not given, "when the suit is commenced, or within such time thereafter as the court may direct." The latter statute is to the effect that if such security for costs be not given within thirty days after motion, due notice to plaintiff, his agent, etc., "the suit must be dismissed." Under the latter statute, the fact of nonresidency vel non was better known to the plaintiff than to anyone else. He had the thirty days' notice required and given by the defendant under the statute within which to be ready for compliance, if the court so determined.

In Ex parte White, 213 Ala. 425, 104 So. 844, the statute was considered and it was held that the right to require plaintiff, moving from the state after suit was brought, to give security for costs is waived when not seasonably exercised. It was further held in that case that it was not an abuse of judicial discretion to refuse to entertain the motion given for the first time during the trial of the cause to give the security for costs.

As we understand this record, the suit was brought in April, 1935. Defendant demurred thereto on May 13, 1935, and on October 12, 1935, plaintiff propounded interrogatories to the defendant under the statute. Defendant answered the interrogatories on the 10th day of December, 1935, and on the same day filed notice that "The plaintiff in the above styled cause having removed from the State of Alabama since the filing of the suit, said plaintiff is hereby required to give security for costs in the cause." Such was the timely notice given by defendant to plaintiff for the necessity of security for costs under the statute indicated. Thereafter, on January 14, 1936, plaintiff moved for a default judgment on the answer. On September 23, 1937, before the trial was entered upon defendant made a motion to dismiss the cause predicated on the foregoing motion to plaintiff to dismiss the cause for failure to give security for costs. The court acting thereon on October 31, 1938, granted the motion and ordered that "said cause be and it is hereby dismissed." To this action of the court, plaintiff duly and legally excepted.

It is thus apparent that there was no waiver by the defendant of the right in the premises to demand security for costs from the plaintiff who became a nonresident after the suit was brought. An examination of the record proper would indicate that in the judgment rendered by the trial court there was no abuse of judicial discretion.

Application for rehearing overruled.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.