8 So.2d 160

**DELBRIDGE v. STATE.**

4 Div. 238.

Supreme Court of Alabama.

May 14, 1942.

Willis L. McIlwain, of Union Springs, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

FOSTER, Justice.

This is an appeal from a conviction of murder in the first degree with the punishment fixed at death.

There is no bill of exceptions and no objections or rulings in the record for our consideration, except that on the motion for a new trial. That motion is based on affidavits of newly discovered evidence as to the character of the man alleged to have been killed by appellant. This motion is therefore predicated on matter not of record, but which can only be presented by a bill of exceptions. There being no bill of exceptions, the ruling on that motion cannot be considered under section 764, Title 7, Code of 1940.

We note that section 214, Title 7, of the Code of 1940, has included in it motions for a new trial. Under that section of the Code a bill of exceptions is not necessary, nor is the reservation of an exception. It is the same as was section 9459, Code of 1923, except that the latter did not include motions for a new trial. But in construing it as in that Code and comparing it with section 6088 of that Code (section 764, Title 7, Code of 1940), we made the distinction that section 9459, supra, could be used as to motions which would not require a bill of exceptions to show the matter on which the motion was based, as when it was based on the status of the record proper, when no extraneous evidence was needed. Dorrough v. Mackensen, 231 Ala. 431, 165 So. 575; Harris v. Barber, 237 Ala. 138(7), 186 So. 160; Gay v. Stewart, 239 Ala. 428, 195 So. 285. It was with that construction outstanding that the Code Committee added to section 9459, supra, motions for a new trial, in bringing it into the Code of 1940, section 214, Title 7.

We therefore take that to mean that the committee and legislature intended to leave that status of interpretation, by adding to section 9459, supra, motions for a new trial, and by leaving section 6088, supra, as it appeared in the Code. The result is that when a motion for a new trial is based on the status of the record as shown on its face, section 214, Title 7, Code of 1940, shall have application, and a bill of exceptions shall not be necessary as required by section 764, supra, unless the motion is based on matter extraneous to the record, and which is properly presented by a bill of exceptions to get it into the record. We adopt that as the proper interpretation of the statutes as they appear in the Code of 1940.

On the basis of that legal status, we cannot review the motion for a new trial here appearing. It is based on matter which must be presented by a bill of exceptions.

We might also observe that assuming that we could do so, there being no bill of exceptions containing the evidence on the trial, we cannot know whether the character of the dead man for peace and quiet would have been competent evidence for defendant. It is only where there is evidence tending to show self-defense, in which decedent was the aggressor, that it is competent. 11 Alabama Digest Homicide, p. 441, 188(2).

The record does not show any irregularity of sufficient importance to be of merit.

The judgment is affirmed.

The date set for the execution of appellant having passed, this court now fixes Friday, June 26, 1942, as the date on which it shall be carried out.

All Justices concur, except KNIGHT, J., not sitting.