21 So.2d 617
### FULLER et al. v. BLACKWELL et al.
3 Div. 419.

Supreme Court of Alabama.
Jan. 18, 1945.

Rehearing Denied March 1, 1945.

Wm. J. Fuller, Sr., and Wm. J. Fuller, Jr., both of Montgomery, pro se.

Thos. B. Hill, Jr., Wm. Inge Hill, and Jas: T. Stovall, all of Montgomery, for appellees.

THOMAS, Justice.

The question for decision is the disputed line of lots in a municipality and to abate an obstruction in alley.

The decree of the Circuit Court after hearing on oral testimony and inspection of the locus in quo will be set out in the statement of facts.

The respective rules that obtain were recognized on the argument, and are well understood in this jurisdiction. Berry v. Howell, 242 Ala. 138, 5 So.2d 405; Hodge v. Joy, 207 Ala. 198, 92 So. 171. One of which is when the court reaches a conclusion and carries the same in the decree after hearing the witnesses ore tenus, every presumption will be indulged in favor of the trial court, and such finding "will not be disturbed unless palpably wrong." The voluminous record with its exhibits has been examined and we cannot say the finding of the trial court was palpably wrong.

There is another rule that here obtains, and prevents a detailed discussion of the evidence, oral and written, and which was recognized in the oral argument before this court, which is:

"Reviewing court, in exercise of its appropriate function reviews decree rendered and predicated upon conclusions of fact attained by court below, where court below viewed locus in quo and record showed that such evidentiary matters affected court in rendering decree, but record did not disclose such observed facts."

The decree showed that such evidentiary matter affected the court in the rendition of the decree, and the record did not disclose such observed facts. In such case this court, in the exercise of its appropriate function, reviews the decree rendered and predicated upon the conclusions of fact attained by the court below. City of Roanoke v. Johnson, 229 Ala. 496, 158 So. 182. We need not observe that the trial court had the inherent power to view the premises in the exercise of a sound discretion. Watt v. Lee, 238 Ala. 451, 191 So. 628.

We find no abuse of a sound discretion in the viewing the premises in the light of all this evidence contained in the record.

In Faught v. Leith, 201 Ala. 452, 78 So. 830, 831, the observation of the Chief Justice is:

"* * * the trial court visited the property and made a personal examination and investigation of same as well as the respondent's mining operations. The decree of the court discloses that the conclusion reached was based upon the affidavits, and also upon this personal investigation of the property thus visited. Clearly, therefore, this court has not before it the full evidentiary data the trial court had, and his conclusion upon the facts will not therefore be here disturbed. Warble v. Sulzberger [Co.], 185 Ala. 603, 64 So. 361; Dancy v. Ratliff [201 Ala. 162], 77 So. 688; Western Union Tel. Co. v. Jones, 190 Ala. 70, 66 So. 691."

This rule was applied in the City of Birmingham v. Hornsby, 242 Ala. 403, 6 So.2d 884, 885, saying:

"It may be added, also that under order of the court the jury, by acquiescence or agreement of the parties, viewed the scene of the accident and the following authorities are applicable upon the question of the affirmative charge. City of Roanoke v. Johnson et al., 229 Ala. 496, 158 So. 182; Warble v. Sulzberger Co. of America, 185 Ala. 603, 64 So. 361; Faught v. Leith et al., 201 Ala. 452, 78 So. 830; Folmar Mercantile Co. v. Town of Luverne, 203 Ala. 363, 83 So. 107."

It may not be out of place to observe that the entire record has been examined. There is ample evidence, that was seen and heard by the court, to support the decree rendered.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.