34 So.2d 169

**CLARK v. STATE.**

4 Div. 998.

Court of Appeals of Alabama.

Jan. 20, 1948.

Rehearing Denied Feb. 10, 1948.

Mulkey & Mulkey and E. C. Boswell, all of Geneva, for appellant.

BRICKEN, Presiding Judge.

Pending the trial of this case, in the court below, numerous exceptions were reserved to the rulings of the court upon the admission and rejection of the evidence, and in many instances, the stated grounds of objection were to the effect that the testimony was not of the res gestæ and therefore not admissible.

We have given this case our attentive consideration, and after a careful study of the whole record, we find ourselves unable to accord to the above mentioned insistences of error made by able and earnest counsel for appellant. It is clearly apparent that the res gestæ had its inception from the time the four principals involved first met, on the day in question, in front of "Harris' store," as shown by the evidence, and continued throughout during the entire difficulty, until it ended. The testimony was so intimately connected in time and place with the fatal difficulty which resulted in the death of the elder Holloway, it constituted a part of the res gestæ and was admissible.

We are also unable to place the trial court in error for overruling and denying defendant's motion for a continuance. Aside from the fact that the matter of continuance is within the sound discretion of the trial court, we are of the opinion that the facts and arguments of respective counsel, as shown by the record, justified the court in denying a continuance of the cause.

The trial of the defendant in this case was for the offense of assault with intent to murder, for which offense he was convicted, and was sentenced, by the court, to imprisonment in the penitentiary for the period of eight years.

The evidence is without dispute or conflict as to the fact that this appellant, defendant below, did assault Zell Holloway, the injured party named in the indictment, with a large knife, and in the language of the attending physician and surgeon he, Holloway, had twelve or fourteen knife wounds upon his person.

The undisputed evidence also tends to show that the defendant provoked the difficulty and entered into the fight willingly and continued his assault upon Holloway until he was disarmed.

The knife used by the defendant, as shown by the evidence, was purchased by him a short time before the difficulty. It, the defendant's knife, was introduced in evidence without objection. By this means the trial court had the opportunity of observing the knife to which the testimony in the case referred and at the request of the State gave a special written charge as follows:

"The Court charges the jury that if you are convinced from all the evidence and beyond a reasonable doubt that the defendant used the knife introduced in evidence on the person of Zell Holloway, then the Court further charges you that such knife is, in contemplation of law, a deadly weapon."

In connection with the giving of the foregoing charge appellant insists, "we want to insist most strongly that the court erred in giving Charge A. for the State. If this charge has ever been given before in the primary courts of our State it has not been to the appellate courts on review. * * * To permit the court to invade the province of the jury in declaring whether or not a particular knife is a deadly weapon would be going too far," etc. In making the foregoing statement counsel for appellant evidently overlooked the case of Sylvester v. State, 72 Ala. 201, 206, opinion by the great Chief Justice Brickell of the Supreme Court of Alabama, wherein the defendant asked the following charge: "Unless the jury believe, from the evidence, that the instrument with which the deceased was stabbed was such that a blow from it would ordinarily produce death, they cannot infer malice from the mere fact that the killing was with that instrument." Dealing with said charge the Chief Justice said: "This instruction requested by appellant was properly refused. It referred to the jury, for consideration and determination, the question whether the weapon employed in the killing was, in its nature and character, a deadly weapon; which is generally, not a question of fact for the jury, but of law for the decision of the court." (Citing authorities.) See also the

case of Coates v. State, 29 Ala.App. 616, 199 So. 830: Instruction that a knife is a deadly weapon is correct. Johnson v. State, 88 Neb. 565, 130 N.W. 282, Ann.Cas. 1912B, 965, "Where an instrument appears prima facie capable of taking life or grievously hurting it is proper for the court to say, as a matter·of law, that the weapon is a deadly one." State v. Craton, 28 N.C. 164, 181.

■ The State offered the testimony of witness J. W. Gissendiner to the effect that about five minutes before the difficulty he had a conversation with defendant and smelled whiskey on his breath. No objection was interposed to this and if there had been it would have availed nothing as the State had the right to offer evidence as to the condition of the defendant, and likewise no error prevailed in the ruling of the court in allowing witness Thermon to testify that a short time before the difficulty he saw the defendant drinking whiskey from a pint bottle. The nature of this testimony was cumulative and tended to corroborate the witness Gissendiner in this testimony above referred to.

■ The defendant made motion for a new trial based upon several grounds. We are .without authority to consider the action of the trial court in overruling and denying said motion as no exception was reserved in this connection.

We accord fully to the argument of appellant's counsel in brief, to the effect that this defendant was entitled to a fair and impartial trial which the law contemplates and provides. But we are unable to concur with appellant's insistence to the effect that such trial was denied to defendant by the rulings of the court. As stated, this court has given its full and careful attention and consideration to this case and have painstakingly studied every point of decision presented, and we are free to state we cannot perceive of a fairer trial than was accorded this appellant. The trial court delivered a full, fair and complete impressive, and able oral charge to the jury, wherein every legal right of the defendant was carefully considered and safeguarded. This oral charge, to which no exception was reserved, consumed about eleven pages of the record, and every utterance of the court in this charge meets our full approval and commendation.

Every point of decision, as stated, has been examined and considered. We have found no semblance of error in any ruling of the court upon this trial calculated to erroneously affect the substantial rights of the defendant.

Affirmed.