34 So.2d 626
**WILKERSON v. JOHNSTON.**
I Div. 558.

Court of Appeals of Alabama.
Feb. 10, 1948.

Rehearing Denied March 2, 1948.

Outlaw, Scale & Kilborn, of Mobile, for appellant.

Jesse F. Hogan and M. F. Dozier, both of Mobile, for appellee.

CARR, Judge.

In the court below the jury found for the plaintiff and assessed the amount of damages at $404.

On April 25, 1947, the court granted the defendant's motion for a new trial and ordered the verdict of the jury set aside. On May 21st just following the judge voided his order of April 25th and entered one in which he denied the motion for a new trial "if plaintiff within fifteen days hereof, shall certify to the Clerk of this Court a remittitur of damages in excess of $250.00, otherwise the motion for new trial is granted."

The defendant did not reserve an exception to this ruling of the court.

The plaintiff filed the remittitur in accordance with the terms of the order.

This appeal is by the defendant and only presents for our review the action of the court as indicated above.

Our task is to decide whether or not the question invites our decision in the absence of an exception to the ruling on the motion.

The confusion and uncertainty of the situation are attributable to an effort to reconcile the provisions of Sections 214 and 764, Title 7, Code 1940.

■ The former section appeared in the Code of 1923, Section 9459. Under its original terms the courts held that it had no application to motions for new trials. Britton v. State, 15 Ala.App. 584, 74 So. 721; Weems v. State, 236 Ala. 261, 182 So. 3. As the law then stood the mandates of Section 764, supra, were consistently enforced. By this we mean, to invoke review by the appellate courts on motion for a new trial, it was required that an exception be reserved to the ruling of the court thereon.

Section 9459, Code 1923, was amended or supplemented by the inclusion of motion for a new trial, so that Section 214, supra, now reads: "All motions, including motions of a new trial, which are made in writing in any circuit court or any court of like jurisdiction in any cause or proceeding at law, shall, upon an appeal become a part of the record; and the ruling of the court thereon shall also be made a part of the record, and it shall not be necessary for an exception to be reserved to any ruling of the court upon any such motion; and it shall constitute a part of the record proper on appeal."

■ The appellate courts have given a field of operation to both Sections 214 and 764, supra. These decisions lead to following constructions:

(1) If the motion for a new trial is based solely on the status of the record and must depend for a decision on matters only contained therein, Section 214 has application. In this event it is not necessary to reserve an exception to the ruling of the court on the motion, and a review is authorized and presented nevertheless.

(2) If the motion for a new trial is predicated on any matters not of the record proper and the court must go beyond this source for information upon which to base a decision, Section 764 has application. In this event an exception must be reserved to the ruling of the court on the motion if a review is expected.

The following authorities support our view: Delbridge v. State, 242 Ala. 677, 8 So. 2d 160; Prater v. Prater et al., 244 Ala. 136, 12 So.2d 417; Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873; Arnold v. State, ante, p. 146, 30 So.2d 587; Clark v. State, ante, p. 382, 34 So.2d 169.

■ It is evident that the instant appeal presents a question that must come under the second classification set out above.

It follows that we must accede to the insistence of the appellee and affirm the judgment below. We regret that this must deprive the appellant of a determination of the question posed in his assignment of error. However, "the known certainty of the law is the safety of all", and "it is important that the law be certain as well as that it be right."

The judgment at nisi prius is ordered affirmed.

Affirmed.