36 So.2d 252

**WHATLEY et ux. v. ODELL et al.**

**7 Div. 962.**

Court of Appeals of Alabama.

June 29, 1948.

Dempsey & Hardegree and A. L. Crumpton, all of Ashland, for appellants.

Ellis & Fowler, of Columbiana, for appellees.

BRICKEN, Presiding Judge.

This is a habeas corpus proceeding. The record is voluminous and discloses that the hearing and trial throughout was conducted carefully and painstakingly, and that both parties were allowed a full and free opportunity to develop their respective insistences and contentions.

At the conclusion of the prolonged trial, the Honorable W. W. Wallace, who presided throughout the trial, made and en-

tered a final decree, which is in words and figures as follows:

"Final Decree

| "Myrtle Lee Odell and Paul Simeon Odell, Complainants | In the Circuit Court Clay County, Ala. Equity Division. No. 619. |
| --- | --- |
| vs. | |
| "Edgar Whatley and Mrs. Edgar Whatley, Respondents | |

dence convinces the Court that since the return of said Complainant's husband, who is also a Complainant in this case, that he has had a loving, faithful and worthy wife. Such being the case, it is the Court's opinion, as above stated, that Complainants are entitled to the custody of their own child, as prayed in the bill of complaint in this cause.

"This cause coming on to be heard for final decree upon submission by both Complainants and Respondents, and the testimony as noted by the Register. The testimony having been taken orally before the Court, and the Court only considering the legal testimony, is of the opinion that Complainants are entitled to the relief prayed for in their bill of complaint.

"The Court finds from the testimony that the child Complainants seek to obtain an order for the custody of is the son of said Complainants. The Court further finds at this time, the Respondents, who are the grand-parents of said child have now the custody and have failed and refused to deliver the custody of said child to his parents upon repeated demands. The Court further finds that there is no testimony tending to show that Complainant, Paul Simeon Odell is not the father of the child involved in this suit, nor is there testimony tending to show he is not a fit person to have the custody and control of the child. The Court further finds from the testimony that Myrtle Lee Odell, the wife of the above named Complainant is charged with having been guilty, some four years ago, of grave misconduct, and for this reason Respondents insist that Complainants should not have the custody of the child involved in this suit. It is common knowledge that many of our women during the stress and tenseness of a world war, coupled with the glamour of a uniform,

have in the absence of their husband been guilty of gross misconduct. But the evi-

"It is, therefore, considered, ordered, adjudged and decreed by the Court that Complainants do have the sole and exclusive custody and control of the child named in the bill of complaint in this cause, and it is the order of the Court that Respondents deliver to Complainants, or either of them, said child upon demand. It is the further order of the Court that in case Respondents fail or refuse to deliver said child to said Complainants, or either of them, upon demand, then in such event the Sheriff of Clay County, Alabama, is hereby ordered to take into his possession said child and deliver him to the Complainants, the father and mother of said child.

"The Court cost accrued in this cause is taxed against the Respondents and for the collection of the same execution may issue.

"Done in term time on this the 19th day of February, 1948.

W. W. Wallace, Judge."

With commendable earnestness, counsel for respective parties have furnished us with able and copious briefs, wherein every established rule, and every phase of law involved, have been forcefully presented and argued. Said established rules, and pertinent propositions of law, have so frequently been discussed and decided by the appellate courts of this State, a further discussion here would of necessity be mere repetition of the numerous decisions rendered and promulgated. We therefore refrain from extended discussion in this connection, and will deal only with the one proposition, which in our opinion, is conclusive and determinative of the case at bar.

That question is, of course, is the decree rendered and hereinabove fully quoted, correct, or is it palpably unjust and wrong? We have carefully and duly considered the entire record in this case, and

also the briefs of counsel above referred to, and we are clearly of the opinion that the full and comprehensive decree rendered by the trial court is well founded and should not be disturbed. Being of this opinion we, of course, are without authority to substitute this court for the trial court, for the accepted rule is to the effect, "Where [the] trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of [the] trial court, and its finding will not be disturbed unless palpably wrong." Fuller et al. v. Blackwell et al., 246 Ala. 476, 21 So.2d 617.

The appeal in this case cannot be sustained.

Affirmed.