95 So.2d 73

**NATIONAL TRIM COMPANY, Inc.**

v.

**The TEXAS COMPANY.**

4 Div. 333.

Court of Appeals of Alabama.

Jan. 15, 1957.

Rehearing Denied March 26, 1957.

R. Clayton Wiggins, Dothan, for appellant.

L. A. Farmer, Dothan, for appellee.

HARWOOD, Presiding Judge.

In the Law and Equity Court of Houston County this appellant was the defendant in an action in assumpsit, a verified statement of account being attached to the complaint.

The appellant made a demand for a jury trial, which demand was stricken on motion of the appellee.

Upon calling the case for trial the appellant refused to introduce evidence and a judgment nil dicit was entered.

The appellant then perfected his appeal to this court.

The sole point involved in this appeal relates to the constitutionality of certain provisions in the act creating the Law and Equity Court of Houston County.

This court was created by a local act of the legislature in 1947, (See Local Acts 1947, p. 226) as the Inferior Court of Houston County. In 1949 its name was changed to the Law and Equity Court of Houston County. (See General and Local Acts 1949, p. 295).

In civil matters the jurisdiction of said court is as to claims of one thousand dollars or less.

Section 6 of the act provides that the judge of said court shall decide all issues without the intervention of a jury.

Section 9 provides that any aggrieved party in a civil case may appeal, and the appeal lies to the circuit court and shall be governed by Article 6 of Chapter 8, Title 13, Code of Alabama 1940, or the aggrieved party may appeal to the Court of Appeals, in which event the appeal shall be governed by Article 1 of Chapter 3, Tit. 13, Code of Alabama 1940.

Section 478, Title 13, Code of Alabama 1940, which is a part of Chapter 8, supra,

provides that no cause can be carried by appeal or certiorari from a justice's court to the circuit court, unless the appellant first executes bond, with sufficient sureties, payable to the adverse party, to pay such judgment as may be rendered against him in the court to which the cause is removed.

It is appellant's contention that the above provisions deprive him of his right to trial by jury, as guaranteed by the Alabama Constitution of 1901, Article 1, Section 11.

The point raised in this case is directly within the doctrine of Universal Motor Lines, Inc., v. Walker, 237 Ala. 413, 187 So. 495, and the principles enunciated therein are, in our opinion, decisive of this appeal. We therefore do not think further treatment or discussion is warranted.

Affirmed.