169 So.2d 303

**Evelyn BALLENGER**

**v.**

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY.**

**5 Div. 791.**

Supreme Court of Alabama.

Nov. 19, 1964.

Walter C. Hayden, Jr., Clanton, for appellant.

Morgan Reynolds and Reynolds & Reynolds, Clanton, for appellee.

PER CURIAM.

It appears from the pleadings and the evidence that respondent's freight train, on September 30, 1962, was derailed and wrecked in Chilton County, near Verbena, at a point on the track which adjoined complainant's twenty-five acres of land.

Respondent, acting under emergency, entered upon complainant's land without first having obtained authority—complainant at the time not being available there due to the fact that she resided in Anniston, Calhoun County—and proceeded to bulldoze a narrow road from complainant's cottage on the land to a point that made vehicular traffic, used to bring in equipment and remove salvage, accessible to the derailed freight train.

Appellant, upon learning of the trespass on her land by agents of respondent, procured a writ of injunction in the Chilton County Law and Equity Court, in Equity, without a hearing, to prevent further trespass and to collect damages for physical injuries to her land that she had already sustained.

The trial court, shortly after issuance of the injunction writ, heard a motion of respondent to dissolve, discharge or modify the injunction so as to enable respondent to continue its work in restoring traffic on its railroad and to finish the salvage operations. Pursuant to the motion, after a hearing at which both parties were present, the court modified the injunction and permitted respondent to continue to use the improvised right-of-way, not to exceed twelve feet in width and in length two-fifths of a mile, "in order that the equipment and the property of respondent be recovered and repossessed * * *." This use was limited to 5:00 P.M., October 12, 1962.

At a hearing before the court on June 6, 1963, to ascertain the damages which complainant sustained by reason of the unlawful use of her real property, the court rendered a decree awarding complainant $350 plus $14.20 interest for eight and one-half months. The complainant here appeals from this decree and complains by appropriate assignment of error that the damages awarded are inadequate.

It appears from the record that the extent of the acreage used for the hurriedly improvised roadbed and the turn-around plot near the scene of the wreck was in dispute, but at the most not more than five acres. Respondent contended that the total acreage was not more than one and one-half acres.

The size and number of small pines destroyed or damaged was also in dispute. Quite a few pictures depicting the road and turn-around area were introduced in evidence by appellant. From our examination of these pictures, we are not impressed that the damage to the land or the destruction of pines was very severe. None of the acreage owned by appellant was in cultivation. It was a wooded area with some large pines, but not many, as shown by the pictures. There were young pines, but the number on the area consumed by the road was greatly in doubt. Estimates were made from surrounding areas.

Complainant and her husband both testified that they gave $600 for the land in 1950 and had improved the cottage by spending several thousand dollars. There was no physical damage to the cottage. They also testified that at the time of the unlawful entry the land had a reasonable market value of $7,000 and thereafter $5,000.

Several neighborhood landowners testified, pursuant to Title 7, § 367, Code 1940, that the land before the trespass was worth $50 to $55 per acre. One or two expert witnesses gave the same valuation. One witness for respondent testified that the land was worth as much right after the trespass as before; he saw no damage to the property.

The decree of the court states that the trial judge, at the request of both parties, inspected the land, but the decree did not detail any findings.

We have consistently held that when the trial judge reaches a conclusion and carries the same into a decree after hearing the witnesses ore tenus, every presumption will be indulged in favor of the trial court, and such findings "will not be disturbed unless palpably wrong." Fuller et al. v. Blackwell, 246 Ala. 476, 21 So.2d 617(1).

In the case at bar the trial court viewed the premises and had the opportunity to observe the physical damage to the property, the width of the area used by respondent, and also the natural growth of pines on the premises; and also the character of the land and its topography. These observations no doubt he considered along with the testimony adduced at the oral hearing.

As we observed above, much of the testimony adduced by the parties was in conflict. The trial court had the advantage of seeing the witnesses, their demeanor on the witness stand, and could evaluate the evidence from these observations much better than this court.

The amount awarded is without itemization and is inclusive of all damages to which complainant is entitled. We are not convinced that the award was inadequate, so we defer to the judgment of the trial court and affirm the decree.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.